UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WASTE MANAGEMENT OF LOUISIANA, LLC | § § § | CIVIL ACTION NO. 11-2405 |
| V. | § § § | JUDGE NANNETTE JOLIVETTE BROWN |
| RIVER BIRCH, INC., HIGHWAY 90, LLC, FREDERICK R. HEEBE, and ALBERT J. WARD, JR. | § § § | MAGISTRATE JUDGE KAREN WELLS ROBY |

**ORDER AND REASONS**

Before the Court are Defendants Frederick R. Heebe, Albert J. Ward, Jr., River Birch, Inc., and HWY-90, LLC's (collectively, "Defendants") Motions for Stay. Defendant Heebe filed his Motion for Stay on December 19, 2011,[1] Defendant Ward filed his on December 19, 2011,[2] and Defendants River Birch, Inc. and HWY-90, LLC (collectively, "entity defendants") filed theirs on December 19, 2011.[3] Having considered the motions, the response, the replies, the sur-reply, and the applicable law, for the following reasons, the Court grants Defendants' Motions for Stay.

**I. Background**

*A. Procedural Background*

On September 23, 2011, Plaintiff Waste Management of Louisiana, LLC ("Plaintiff") filed its complaint against Defendants Frederick R. Heebe, Albert J. Ward, Jr., River Birch, Inc., and

---

[1] Rec. Doc. 24.

[2] Rec. Doc. 25.

[3] Rec. Doc. 26.

HWY-90, LLC.[4]  On October 18, 2011, Plaintiff filed its Civil RICO Case Statement,[5] as required by a standing order of the Eastern District of Louisiana.  Plaintiff then filed its amended complaint against Defendants on November 2, 2011.[6]

As noted previously, Heebe, Ward, and the entity defendants each filed their individual Motions for Stay ("motions") on December 19, 2011.[7]  Plaintiff filed its Response in Opposition to all three motions on January 3, 2012.[8]  The entity defendants filed their Reply in Support of Motion for Stay on January 10, 2012.[9]  Defendant Heebe also filed his Reply to Plaintiff's Opposition on January 10, 2012.[10]  Defendant Ward then requested leave to adopt the reply memorandum of Heebe as his own, which this Court granted on January 12, 2012.[11]  Following leave of Court, Plaintiff then filed its Sur-Reply in Opposition to Motions for Stay on January 25, 2012.[12]

---

[4] Rec. Doc. 1.

[5] Rec. Doc. 5.

[6] Rec. Doc. 10.

[7] Rec. Docs. 24, 25, 26.  Plaintiff correctly notes, Rec. Doc. 27 at p. 4, that Defendants have not filed answers to Plaintiff's amended complaint.

[8] Rec. Doc. 27.

[9] Rec. Doc. 34.

[10] Rec. Doc. 36.

[11] Rec. Doc. 40.

[12] Rec. Doc. 47.

### B. Factual Background

*1. The Underlying Lawsuit*

In its amended complaint, Plaintiff alleges a "pattern of unfair competition and outright corruption [by Defendants] designed to restrict or eliminate landfill disposal competition" in the greater New Orleans metropolitan area.[13] The entity defendants, River Birch and HWY-90, are closely held companies that own and operate landfills on adjourning parcels of land in Jefferson Parish; Defendants Heebe and Ward are directors allegedly involved in the anti-competitive business practices of their companies.

Plaintiff outlines several examples of this allegedly unfair competition and corrupt behavior designed to provide Defendants with a monopoly over the landfill disposal business,[14] including Defendants' obtainment of a commitment from Jefferson Parish to shut down, for a period of 25 years, the landfill operated by Plaintiff, a competitor of Defendants.[15] Plaintiff alleges federal Racketeer Influenced and Corrupt Organizations ("RICO") violations, as well as violations of the Louisiana Unfair and Deceptive Practices Act, of Louisiana antitrust laws, and of Louisiana laws regarding civil conspiracy.[16] Plaintiff seeks "compensation for the financial losses suffered by Waste Management" as a result of the allegedly "unlawful and unethical conduct" of Defendants.[17]

---

[13] Rec. Doc. 10 at ¶ 8.

[14] Rec. Doc. 10.

[15] *Id.* at ¶ 11.

[16] Rec. Doc. 10.

[17] *Id.* at ¶ 14.

3

*2. Motions for Stay*

In Plaintiff's complaint and amended complaint, Plaintiff alleges that Defendants are the targets of ongoing federal criminal investigations related to the conduct alleged in the complaint and amended complaint in this matter.[18] Plaintiff alleges that the conduct outlined in Plaintiff's complaint has resulted in a continuing federal investigation, an FBI raid of the River Birch offices, and various criminal indictments.[19] Further, Plaintiff states that one alleged co-conspirator of Defendants, Henry Mouton, has already pled guilty.[20] Based upon the investigation referenced by Plaintiff, Defendants filed motions seeking to stay the present civil litigation, "pending resolution of a pending criminal investigation [of Defendants Heebe and Ward], and any subsequent criminal prosecution which may result."[21] Both sides state that neither Heebe nor Ward has yet been indicted.

Although the individual defendants, Heebe and Ward, have not yet been indicted, they argue that there is a "real and appreciable risk of self-incrimination"[22] if the present action is not stayed pending the outcome of the criminal investigation and any resulting criminal prosecution. Specifically, the individual defendants argue that they will be "unduly prejudiced" if they are "forced to defend Waste Management's suit against them and their companies and forced to participate in

---

[18] Rec. Doc. 10 at ¶¶ 18-19.

[19] *Id.* at ¶ 13.

[20] *Id.* at ¶¶ 38-42.

[21] *See* Rec. Doc. 24.

[22] Rec. Docs. 24-1 and 25-1 at p. 3 (citing *Brumfield v. Shelton*, 727 F. Supp. 282, 284 (E.D. La. 1989)).

discovery during the pendency of the criminal matter."[23] The individual defendants also argue that Plaintiff will *not* be prejudiced by a stay of this matter because, according to Heebe and Ward, "Waste Management's suit is based entirely on facts adduced in the ongoing criminal matter and is dependent on further development of those facts by federal investigators."[24]

The entity defendants argue that, if a stay is granted as to Heebe and Ward, a stay is warranted as to the entity defendants as well, arguing that: (1) a partial stay would result in duplicative discovery; (2) the case may be streamlined if the criminal investigation proceeds first; and (3) allowing discovery to proceed without Heebe and Ward would deprive the entity defendants of their ability to defend themselves.[25]  The entity defendants argue that Plaintiff's own allegations demonstrate that the ongoing criminal investigation into this matter is active[26] and, therefore, that a stay is warranted.

Plaintiff, however, argues that a stay is an "'extraordinary remedy' that should 'not be granted lightly,'"[27] particularly where, as here, no defendant has yet been indicted. Accordingly, Plaintiff argues that the individual defendants' Fifth Amendment rights can be protected by utilizing a "staged" discovery process, which would not require this Court to utilize the "extraordinary remedy" of granting a stay. Further, Plaintiff argues that the entity defendants enjoy no

---

[23] Rec. Docs. 24-1 and 25-1 at p. 3.

[24] *Id.*

[25] Rec. Doc. 26-1 at p. 2.

[26] *Id.* at p. 3.

[27] Rec Doc. 27 at p. 5 (citing *United States v. Simcho*, 326 F. App'x 791, 792-93 (5th Cir. 2009)).

5

constitutional protection against self-incrimination, and therefore, a stay as to them is not warranted.[28] Plaintiff argues that it will be substantially prejudiced if a stay is granted because evidence might be lost and the memory of witnesses might fade.[29] Thus, Plaintiff requests this court to enter a Scheduling Order and allow the parties to commence staged discovery in this matter as an alternative way to protect the constitutional rights of the individual defendants.[30]

    Defendants counter that a real risk of self-incrimination exists, even without an indictment having yet been handed down, and further that the investigation here is active and not speculative, both as described by Plaintiff in the pleadings before this Court and as demonstrated by "publically available information about the status of the ongoing federal investigation."[31] Further, Defendants argue that the staged discovery suggested by Plaintiff will create more problems than it will solve, such as requiring this Court to "micro-manage the discovery process"[32] and resulting in duplicative discovery.[33] Additionally, Defendants state that Plaintiff's concerns about the loss of documentary evidence are unfounded, given that the FBI has seized documents in this matter and many witnesses are likely to invoke their Fifth Amendment rights or be prevented by the government from testifying, and that neither Waste Management nor the public will suffer prejudice by the staying of this case.

---

[28] *See* Rec. Doc. 27 at pp. 2-3.

[29] *See id.* at p. 10.

[30] *Id.* at p. 14.

[31] Rec Doc. 34 at pp. 3-4.

[32] *Id.* at p. 2.

[33] *Id.* at p. 6.

Indeed, the individual defendants note that Plaintiff may actually benefit from a stay, given that its entire case is based upon evidence uncovered in the ongoing criminal investigation.

## II.  Law and Analysis

### A.  Standard for a Stay

There is no question that a district court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,"[34] and this authority includes the district court's wide discretion to grant a stay in a pending matter.[35]  When "the interests of justice seem[] to require such action," a court may exercise its discretion to stay civil proceedings, postpone discovery, or impose protective orders and conditions.[36]

It is well recognized that a district court "may stay a civil proceeding during the pendency of a parallel criminal proceeding."[37]  Indeed, a district court may sometimes stay a civil action "until the criminal case or the likelihood of a criminal case is ended."[38]  Although "[t]he simultaneous prosecution of civil and criminal actions is generally unobjectionable" because of the different interests promoted in the different suits,[39] a stay of the pending civil action may be appropriate

---

[34] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[35] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

[36] *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970).  *See also*, *Mayo v. Tri-Bell Indus.*, 787 F.2d 1007, 1012 (5th Cir. 1986).

[37] *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981).

[38] *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007) (citing *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996))).

[39] *First Fin. Grp.*, 659 F.2d at 667.

"when there is a real and appreciable risk of self-incrimination."[40] In fact, in some circumstances a district court abuses its discretion by failing to stay discovery until applicable criminal statutes of limitation have run, if the stay would not impose undue hardship on the non-moving party.[41]

Although the Fifth Circuit has determined that a stay may be warranted where "special circumstances" exist to prevent a party from suffering substantial and irreparable prejudice,[42] courts within the Fifth Circuit have looked to six factors to determine whether the civil action should be stayed.[43] These factors are:

1. The extent to which the issues in the criminal case overlap with those presented in the civil case;

2. The status of the criminal case, including whether the defendant has been indicted;

3. The private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay;

4. The private interests of and burden on the defendant;

5. The interests of the courts; and

---

[40] *Brumfield v. Shelton*, 727 F.Supp. 282, 284 (E.D. La. 1989) (citing *Kordel*, 391 U.S. at 8-9).

[41] *See Wehling v. CBS*, 608 F.2d 1084 (5th Cir. 1980) (district court abused its discretion in forcing plaintiff to choose between his Fifth Amendment right to silence and his lawsuit).

[42] *First Fin. Grp.*, 659 F.2d at 668. *See also, United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983).

[43] *Alcala v. Tex. Webb Cty.*, 625 F. Supp. 2d 391, 399 (S.D. Tex. 2009) (collecting district court cases within the Fifth Circuit applying this test). *See also, Lebouef v. Global X-Ray and Testing Corp.*, No. 07-5755, 2008 U.S. Dist. LEXIS 6470, at *4 (E.D. La. Jan. 29, 2008) (Barbier, J.) ("To determine whether special circumstances exist, the court must 'balance the competing constitutional and procedural interests of the parties,' as illustrated through the six-factor test . . . .") (citation omitted).

      6.      The public interest.[44]

**B.  *Application of Factors***

    *1. Extent of Overlap Between Civil and Criminal Cases*

Where there exists great overlap between the civil and criminal proceedings, courts often feel compelled to grant a stay.[45]  Indeed, some courts have found that "the similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay."[46]

Here, the civil action involves exactly the same conduct as that of the criminal investigation; indeed, Plaintiff's lawsuit is based upon information obtained from the criminal investigation.  Not only this, but many of the witnesses who would be expected to testify would be expected to do so in both matters, and the documentary evidence would be substantially the same.  There is no evidence to indicate any substantive differences in the subject matter of the lawsuits.  As a result, the extent of the overlap between the suits weighs heavily in favor of granting a stay.

    *2. Status of Criminal Proceedings*

Even where there are not yet criminal charges filed, "this fact does not militate against the granting of a stay of discovery."[47]  Although formal charges have not yet been filed against

---

[44] *Id.*

[45] *Astoria Entm't, Inc. v. Edwards*, No. 98-3359, 1999 U.S. Dist. LEXIS 6040, at *3 (E.D. La. Apr. 22, 1999) (Duval, J.).

[46] *Dominguez v. Hartford Fin. Servs. Grp., Inc.*, 530 F. Supp.2d 902, 906-07 (S.D. Tex. 2008).  *See also*, *Lebouef*, 2008 U.S. Dist. LEXIS 6470, at *4.

[47] *SEC v. Offill*, No. 07-1643, 2008 WL 958072, at *3 (N.D. Tex. Apr. 9, 2008).

9

Defendants Heebe and Ward, Plaintiff's own complaint demonstrates that the criminal investigation at hand is quite active. Plaintiff alleges that Heebe and Ward are the targets of an ongoing federal criminal investigation and that co-conspirators have been indicted and/or have pled guilty. Given this, it is difficult to imagine that indictments of Heebe and Ward are not imminent. Accordingly, by Plaintiff's own admission, the criminal investigation is extremely active, and this weighs in favor of a stay.

### 3. Plaintiff's Interest

Plaintiff argues that it will be prejudiced by a delay, not only by the very process of delay itself, but also because a stay might result in a loss of evidence in that memories fade and documents disappear. Here, however, the FBI has already seized documents, and many–if not most–witnesses are likely to invoke their Fifth Amendment rights to silence or be prevented by the government from testifying. Accordingly, much evidence is already preserved, and witness testimony is likely to be unavailable at this time anyway. The Court also finds persuasive Defendants' arguments that Plaintiff may actually benefit from a stay, since this would allow Plaintiff the benefit of information gathered during the criminal investigation. Thus, this factor also weighs in favor of granting a stay.

Furthermore, the Court can temper the effect of any alleged prejudice by requiring the parties to regularly update the Court about the status of the criminal investigation. If at any point it appears that the investigation has stalled and that a criminal case will not be forthcoming, the Court can entertain a motion to vacate the stay.

*4. Defendant's Burden*

Here, individual defendants Heebe and Ward would be forced to choose between their civil discovery obligations and their ability to assert their Fifth Amendment privilege against self-incrimination. Although the individual defendants have not yet been indicted, all evidence indicates that the investigation is active and that an indictment is imminent, rather than speculative. Accordingly, a real risk of self-incrimination exists if Heebe and Ward are forced to defend themselves, and their companies, in the instant civil suit. The entity defendants, meanwhile, would likely be unable to fulfill their civil discovery obligations without the benefit of the testimony of Heebe, Ward, and other witnesses likely to invoke their Fifth Amendment rights. Worse still, the entity defendants may be left with no way to defend themselves at all without the testimony of their principals, Heebe and Ward. Accordingly, both the individual defendants and the entity defendants would be left with no real way to defend themselves, short of Defendants Heebe and Ward forgoing their Fifth Amendment rights, if a stay is not granted here.

Further, the Court notes that "[i]f the defendant would be burdened by civil discovery on the same issues as a pending criminal case, this factor weighs in favor of a stay."[48] These individual and entity defendants would be burdened with responding to discovery and potentially forced to waive the individual defendants' rights to avoid self-incrimination. Accordingly, the burden upon all Defendants, too, weighs in favor of this Court granting a stay in the instant action.

---

[48] *Doe v. Morris*, No. 11-1532, 2012 U.S. Dist. LEXIS 12454, at *4 (E.D. La. Feb. 2, 2012) (Vance, C.J.) (quoting *Whitney Nat'l Bank v. Air Ambulance by B&C Flight Mgmt., Inc.*, No. H-04-2220, U.S. Dist. LEXIS 36654, at *3 (S.D. Tex. May 18, 2007)).

*5. The Court's Interest*

"The Court has interests in judicial economy and expediency,"[49] and granting a stay serves those interests because "conducting the criminal proceedings first advances the judicial economy."[50] The Court has great interest in avoiding duplicative discovery, which would likely be the case if a stay were not granted.  As Defendants correctly note, even staged discovery, requested by Plaintiff, would likely lead to duplicative discovery, given that already-deposed witnesses would likely need to be deposed again after information was obtained from Heebe and Ward.  Not only this, but any sort of staged discovery would be unduly burdensome on this Court, which would have to micro-manage the process.

Furthermore, Defendants are correct that the case may be "streamlined" by the occurrence of the criminal investigation.  There exists the possibility that collateral estoppel or res judicata will affect some or all of the overlapping issues.[51]  Therefore, proceeding with this action at this time will result in the use of judicial resources that may not be necessary if the case proceeds after the criminal investigation and action have been completed.  Yet again, a stay appears warranted.

*6. The Public Interest*

Because the entity defendants are no longer in control of the Jefferson Parish landfill, there exists no reason that the public interest would be disserved by a stay of this proceeding.  Indeed, the

---

[49] *Doe*, 2012 U.S. Dist. LEXIS 12454, at *6 (citing *Alcala*, 625 F. Supp. 2d at 407).

[50] *Offill*, 2008 WL 958072, at *3.

[51] *Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 568 (1951) ("It is well established that a prior criminal conviction may work an estoppel. . . .") (citations omitted).

public would benefit by the economical use of judicial resources advanced by a stay here. As with the previous five factors, this factor weighs in favor of the Court staying the civil case. The evaluation of the relevant factors weighs overwhelmingly in favor of granting a stay of the instant civil action.

*C. Scope of the Stay*

"The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of the litigation, which includes authority to control the scope and pace of discovery."[52] Here, the Court will grant a complete stay of this case, rather than allow a staged discovery plan, because the Court is persuaded that staged discovery would likely result in duplicative discovery later.

### III.  Conclusion

For the reasons set forth above, the Court finds that Defendants have met their burden of demonstrating that a stay in this matter is warranted, as to both the individual defendants and the entity defendants. Accordingly,

**IT IS ORDERED** that Defendants' Motions for Stay[53] are **GRANTED** and this litigation will be completely stayed, specifically including the staying of all discovery, until the federal criminal investigation into the events that form the basis of Waste Management's amended complaint is resolved or until the statutes of limitation for any criminal actions arising out of those events have expired, whichever occurs first.

---

[52] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

[53] Rec. Docs. 24, 25, 26.

**IT IS FURTHER ORDERED** that the parties are required to regularly update the Court regarding the status of the criminal investigation. If at any point it appears that the criminal investigation is no longer active or either party notifies this Court that charges against Defendants Heebe and Ward will not be forthcoming, the Court will allow the parties to file a motion to vacate the stay and reopen this civil matter for further proceedings.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to **CLOSE** the above-captioned civil case for administrative and statistical purposes, pending further order of this Court.

**NEW ORLEANS, LOUISIANA**, this  15th  day of February, 2012.

*Nannette Jolivette Brown*
NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE