UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WASTE MANAGEMENT OF LOUISIANA, LLC | § § § | CIVIL ACTION NO. 11-2405 |
| | § § | JUDGE NANNETTE JOLIVETTE BROWN |
| V. | § | |
| RIVER BIRCH, INC., HIGHWAY 90, LLC, FREDERICK R. HEEBE, and ALBERT J. WARD, JR. | § § § | MAGISTRATE JUDGE KAREN WELLS ROBY |

**ORDER AND REASONS**

Before the Court is Plaintiff Waste Management of Louisiana, LLC's ("Plaintiff") Motion for Partial Reconsideration of the Stay Order,[1] in which Plaintiff seeks partial reconsideration of this Court's February 15, 2012 order in which it granted a complete stay of this action "until the federal criminal investigation into the events that form the basis of Waste Management's amended complaint [in the instant case] is resolved or until the statute of limitations for any criminal actions arising out of those events have expired, whichever occurs first."[2] Defendants River Birch, Inc., HWY-90 LLC, Frederick R. Heebe, and Albert J. Ward (collectively, "Defendants") filed their opposition on March 6, 2012.[3] Following leave of Court, Plaintiff filed its reply memorandum in further support of its motion for partial reconsideration on March 14, 2012.[4]

Having considered the motion, the response, the reply, the record, and the applicable law, for

---

[1] Rec. Doc. 49.

[2] Rec. Doc. 48 at p. 13.

[3] Rec. Doc. 50.

[4] Rec. Doc. 53.

1

the following reasons, the Court denies Plaintiff's motion for reconsideration.

## I. Background

The Court has previously set forth the factual and procedural background of this case in its Order and Reasons granting Defendants' Motions for a Stay,[5] and the Court does not see a need again to set out the relevant factual and procedural background of this case. Instead, the Court refers the parties to its prior order.[6]

## II. Law and Analysis

### A. *Standard of Review on Motion for Reconsideration*[7]

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[8] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[9] Rules 59 and 60, however, apply only to final judgments.[10] When a party seeks to revise an order that adjudicates

---

[5] *See* Order and Reasons, Rec. Doc. 48 at pp. 1-7.

[6] *Id.*

[7] The Court notes that Plaintiff brought this motion under Rule 60(b) of the Federal Rules of Civil Procedure. Defendants state that the motion should have been brought under Federal Rule of Civil Procedure 59(e) because the motion for partial reconsideration was filed within 28 days of the date upon which the order from which relief is sought was entered. However, as explained below, it is Federal Rule of Civil Procedure 54(b) that governs.

[8] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[9] *Id.* (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3-4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (Rule 54).

[10] Rule 59 concerns motions to "alter or amend a judgment" whereas Rule 60 can provide relief from "a *final* judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added). The Advisory Committee Notes of 1946 state that "[t]he addition of the qualifying word 'final' emphasizes the character of judgement, orders or proceedings from which *Rule 60(b)* affords relief; and hence interlocutory judgments are not brought within the

2

fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls.[11] The Rule states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[12]

Under Rule 54(b), the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[13] However, this broad discretion[14] must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays.[15] Further, the decision of the district court to grant or deny a motion for reconsideration will only be reviewed for an abuse of discretion.[16]

The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or

---

restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." Fed. R. Civ. P. 60(b) (1946 Advisory Committee Notes). *See* also, *Helena Labs. Corp.*, 483 F. Supp. 2d 538 (E.D. Tex. 2007) (motion was improperly filed under Rule 59(e) when there existed no final judgment that had been entered). *See also*, *Lambert v. McMahon*, No. 06-10679, 2007 U.S. App. LEXIS 5220 (5th Cir. Mar. 6, 2007) (where there was no entry of final judgment, requests could not be considered under Rule 60(b)); *Greene v. Union Mut. Life Ins. Co.*, 764 F.2d 19, 37 (1st Cir. 1985) (finding that a district court's decision to dismiss fewer than all counts of a complaint did not constitute a basis for any final judgment, such that it was error for the district court to have applied a Rule 60(b) standard to a motion seeking reconsideration of the dismissal).

[11] Fed. R. Civ. P. 54(b). *See also*, *Helena Labs*, 483 F. Supp. 2d 538 (motion for reconsideration under Rule 59(e) treated as under Rule 54(b) because reconsideration of partial summary judgment order was sought and no final judgment had yet been entered in the case).

[12] Fed. R. Civ. P. 54(b).

[13] *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

[14] *See Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993).

[15] *See, e.g.,* 18B Charles A. Wright et al., Fed. Prac. & Proc. § 4478.1 (2d ed. 2002).

[16] *Martin v. H.M.B. Constr. Co.*, 279 F.2d 495, 496 (5th Cir. 1960) (citation omitted). *See also*, *Garcia v. Woman's Hosp. of Tex.*, 97 F.3d 810, 814 (5th Cir. 1996).

amend a final judgment.[17] A Rule 59(e) motion "calls into question the correctness of a judgment,"[18] and courts have considerable discretion in deciding whether to grant such a motion.[19] In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.[20] Courts in the Eastern District of Louisiana have generally considered four factors in deciding a motion under the Rule 59(e) standard:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
> (2) the movant presents newly discovered or previously unavailable evidence;
> (3) the motion is necessary in order to prevent manifest injustice; or
> (4) the motion is justified by an intervening change in controlling law.[21]

Although Rules 59 and 60 set forth specific time frames during which reconsideration may be sought,[22] Rule 54 sets forth no such limitation.[23] However, importantly, Rule 54(b) motions, like those under Rules 59(e) and 60(b), are not the proper vehicle for rehashing evidence, legal theories,

---

[17] *See, e.g., Castrillo*, 2010 WL 1424398, at *3; *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05-4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009) (Duval, J.).

[18] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).

[19] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[20] *Id.* at 355-56.

[21] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[22] Fed R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.") Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

[23] Fed. R. Civ. P. 54(b) (stating that the order "may be revised at any time" before entry of final judgment). The only limitation imposed on Rule 54(b) reconsideration is if the court issues an order expressly stating that there is "no just reason for delay," in which case the order becomes a final, appealable judgment. *Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Auth.*, 925 F.2d 812, 815 (5th Cir. 1991).

or arguments.[24] Instead, they "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[25] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[26]

Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[27] and the motion must "clearly establish" that reconsideration is warranted.[28] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[29]

**B.  *Analysis***

In its Motion for Partial Reconsideration, Plaintiff requests the Court to "reconsider the scope of that Stay Order so as to permit Waste Management to obtain a limited amount of document discovery . . . ."[30] Specifically, Plaintiff argues that this Court should require production of a copy

---

[24] *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

[25] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[26] *Helena Labs.*, 483 F. Supp. 2d at 539 (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[27] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

[28] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[29] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F.Supp. 2d 471 (M.D. La. 2002). *See also*, *Mata v. Schoch*, 337 BR 138 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented). *See also*, *FDIC v. Cage*, 810 F.Supp. 745, 747 (D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[30] Rec Doc. 49 at p. 1.

of a set of documents already seized by the FBI as part of the ongoing criminal investigation.[31] Plaintiff argues that doing so will "raise no burden or relevance issues; will implicate no testimonial privileges, and [] will serve only to further the efficient disposition of this litigation upon its resumption."[32]

Defendants respond that Plaintiff previously argued for "a staged discovery process that included, among other things, the production of documents seized by the FBI . . ." and that the Court previously rejected Plaintiff's request for staged discovery by granting a complete stay.[33] Defendants argue that Plaintiff's motion for reconsideration does nothing more than rehash arguments previously presented.[34] This Court is inclined to agree with Defendants that Plaintiff does nothing more than restate arguments previously made, and the Court notes that Plaintiff specifically proposed staged discovery to begin with "only document production and other written discovery . . .", specifically to include "copies of any documents that have already been seized by the Government during its raid of River Birch's offices."[35]

In a reply to Defendants' opposition, Plaintiff attempts to characterize the Court's prior order as not encompassing its current request to obtain documents already seized by the FBI as part of the

---

[31] *Id.*

[32] *Id.*

[33] Rec Doc. 50 at pp. 1-2.

[34] Defendants also argue that Plaintiff "grossly oversimplifies what would be required of the Court and the parties if [Plaintiff's] motion was granted." Rec Doc. 50 at pp. 1-2. Defendants then specifically outline numerous problems that would result if this Court granted Plaintiff's requested discovery. Because this Court finds that Plaintiff's motion for partial reconsideration only rehashes arguments previously presented in support of Plaintiff's position that a stay is unwarranted, the Court need not consider these other arguments advanced by Defendants regarding why they believe a complete stay is warranted.

[35] *See* Rec. Doc. 27 at p. 13.

ongoing criminal investigation by stating "neither the Court nor the Defendants addressed the production of the 'Seized Documents' as requiring a Stay."[36] Although the Court did not focus its decision on specific discovery requests Plaintiff might have, clearly the Court considered the effect of any discovery when it rejected Plaintiff's argument regarding "staged discovery."

Plaintiff provides nothing to demonstrate that there have been any alleged errors that rise to the level of manifest error required for a motion to reconsider; Plaintiff makes no arguments regarding newly discovery or previously unavailable evidence; Plaintiff makes no argument that manifest injustice will result if the Court does not reconsider its prior ruling; and Plaintiff makes no argument that there has been an intervening change in controlling law. Instead, Plaintiff only expounds upon arguments presented in its original opposition to the motions for a stay.

Because Plaintiff does nothing more than "re-urge matters that have already been advanced by a party,"[37] reconsideration is inappropriate. Reconsideration is an "extraordinary remedy" that must be used sparingly and with full consideration of the importance of finality of judgments. Here, Plaintiff has presented no independent reason to justify reconsideration, and simply allowing a party to reassert the same arguments does nothing but waste judicial time and resources while calling into question the finality of judgments.

### III. Conclusion

Mere disagreement with a prior ruling, as asserted here, does not support a motion for reconsideration, and the Court, therefore, finds reconsideration unwarranted here. For the reasons

---

[36] Rec. Doc. 53 at p. 2.

[37] *Helena Labs.*, 483 F. Supp. 2d at 539 (citing *Browning*, 894 F.2d at 100).

set forth above, as well as the reasons given in the original Order and Reasons granting a complete stay of these proceedings,[38]

**IT IS ORDERED** that Plaintiff's Motion for Partial Reconsideration of the Stay Order[39] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __14th__ day of March, 2012.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[38] Rec. Doc. 48.s

[39] Rec. Doc. 49.