UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WASTE MANAGEMENT OF LOUISIANA, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-2405** |
| **RIVER BIRCH, INC., ET AL.** | **SECTION: "N" (4)** |

## ORDER

Before the Court is a **Motion to Intervene[1] (R. Doc. 75)**, filed by non-party, Geoffrey J. Boulmay, ("Boulmay") seeking to intervene in *Waste Management of Louisiana, L.L.C. v. River Burch, Inc., et al.*, No. 11-2405.  *Id.*  The motion is opposed by Plaintiff, Waste Management of Louisiana, L.L.C. (R. Doc. 77).  The motion is being considered on the briefs.  (R. Doc. 83).

### I.      Factual Background

*Waste Management of Louisiana, L.L.C.,* No. 11-2405, arises out of the alleged unlawful, corrupt, and anti-competitive pattern of conduct by Defendants River Birch, Inc., its owners, officers, and affiliated entities, ("River Burch, Inc., et al.") taken in concert with other alleged co-conspirators, known and unknown, in an effort to dominate the landfill disposal business in the greater New Orleans metropolitan area.  (R. Doc. 10).

In its amended complaint, Plaintiff alleges "pattern of unfair competition and outright

---

[1] The title of the Motion is several pages long, and in the interest of clarity, the Court has referred to it by short title here.

corruption [by Defendants] designed to restrict or eliminate landfill disposal competition." *Id.* Defendants, River Birch and Highway-90, are closely held companies that own and operate landfills on adjourning parcels of land in Jefferson Parish; Defendants Heebe and Ward are directors allegedly involved in the anti-competitive business practices of their companies. *Id.* Plaintiff alleges Federal Racketeer Influenced and Corrupt Organizations ("RICO") violations, as well as violations of the Louisiana Unfair and Deceptive Practices Act, of Louisiana antitrust laws, and of Louisiana laws regarding civil conspiracy. *Id.* Plaintiff seeks "compensation for the financial losses suffered by Waste Management" as a result of the allegedly "unlawful and unethical conduct" of Defendants. *Id.*

## II.     Procedural Background

Plaintiff filed its complaint against Defendants, Frederick R. Heebe, Albert J. Ward, Jr., River Birch, Inc., and Highway-90, LLC, on September 23, 2011. (R. Doc. 1). After an order by the Eastern District, Plaintiff filed a Civil RICO Case statement on October 18, 2011, and an amended complaint on November 2, 2011. (R. Doc. 5, 10). Defendants each filed their respective "Motion to Stay" on December 19, 2011, alleging that they would suffer "undue prejudice" if they were forced to participate in discovery during the pendency of the federal criminal investigation. (R. 24, 25, 26). The Court stayed the civil case as of February 15, 2012, pending a status update and or resolution of the criminal investigation. (R. Doc. 48).

Defendants, Frederick R. Heebe, Albert J. Ward, Jr., River Birch, Inc., Highway-90, LLC, and Plaintiff, Waste Management of Louisiana, filed a Joint Motion to Lift Stay on May 13, 2013. (R. Doc. 64). The Court granted the Unopposed Motion to Lift Stay on May 14, 2013, ordering that any responsive pleadings on behalf of the defendants be filed within 60 days of the lifting of the stay. (R. Doc. 65). Boulmay filed this Motion to Intervene on July 23, 2013. (R. Doc. 75). The motion

2

is opposed. [2]

As to the instant motion, Boulmay alleges that he was contacted by the F.B.I. regarding information about Defendants Frederick R. Heebe, and Albert J. Ward, Jr.'s alleged fraudulent acts. *Id.* Boulmay suggests that there was some connection between a pending state court matter before Judge Kingsmill, involving Al Copeland, Lawrence Catha, and Raymond Peacock, which purportedly resulted in confessions during a period between 1989 and 1999. *Id.*

Furthermore, Boulmay alleges that Jan Mann was involved in his interrogation on November 25, 2011, and suggests that she made references to "Copeland, Fazzio and Heebe . . . being birds of a feather." *Id.* This meeting also allegedly included Al Winters, a former United States Assistant Attorney, and referenced Judge Kingsmill failing to recuse himself in a matter which resulted in an impropriety. *Id.* Seemingly, Boulmay went to jail and served time in federal prison, for which he alleges his trial attorney conspired with the judge, resulting in his sentence. *Id.*

Boulmay somehow correlates his alleged involvement in the state court action with this pending federal litigation. Boulmay does not expressly state how the Defendants, Heebe, Ward or River Birch, connect to this allegation, however he asserts a claim of "intervention" for the present matter. Boulmay does not argue whether he is claiming intervention as of right, or permissively.

Defendants contend that Boulmay allegations fail to establish an interest or right that is either the subject of the action, or a right so situated that disposing of the action may impair his ability to protect that interest. (R. Doc. 77, p. 1). Defendants also contend that Boulmay's allegations fails to assert a claim or defense that shares a common question of law or fact with the main action, because

---

[2]Plaintiff, Waste Management of Louisiana, opposed the Motion on August 18, 2013. (R. Doc. 77). Defendant, Frederick R. Heebe, also opposed the Motion to Intervene on August 13, 2013. (R. Doc. 78). Defendants, Albert J. Ward, Jr., River Birch, Inc., and Highway 90, LLC., each filed their respective ex parte motions to adopt Defendant Heebe's Opposition to Boulmay's Motion to Intervene. (R. Doc. 79, 81). The record indicates that no scheduling order has been issued as of August 22, 2013.

3

his interests are completely unrelated to the nature of Waste Management's claims. (R. Doc. 77, p. 2). Because Boulmay does not expressly state the nature of his rights as an intervenor, the Court will address both intervention as of right and permissive intervention as provided in Federal Rules of Civil Procedure ("Rule") 24(a).

### III. Standard of Review

#### 1. Intervention by Right

Rule 24(a)(2) governs intervention by right, and provides that an applicant "shall be permitted to intervene in an action" if: 1) the applicant timely files a motion to intervene; 2) the applicant claims an interest relating to the property or transaction which is the subject of the action; 3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest, and; 4) the applicant's interest is inadequately represented by the existing parties to the suit. Fed. R. Civ. P. 24(a)(2).

Failure to meet any of the four elements is fatal to intervention. *Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978). Courts should allow intervention where no party would be adversely affected and the greater justice could be attained. *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir.1994). The proposed intervenor bears the burden of demonstrating an entitlement to intervene. *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996).

#### 2. Permissive Intervention

Rule 24(b) governs permissive intervention and provides that "[u]pon timely application[,] anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common." *Id.* A court possesses the discretion to determine whether to permit permissive intervention and must "consider whether the intervention will

unduly delay or prejudice the adjudication of the rights of the original parties." *Id*. at (b)(3).

In exercising its discretion to grant or deny permissive intervention, a court must consider 1) whether an intervenor is adequately represented by other parties and 2) whether intervention is likely to contribute significantly to the development of the underlying factual issues. *League of United Latin American Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989).

### IV. Analysis

Boulmay's Motion to Intervene is unascertainable as to whether he is claiming an intervention as of right or if he is seeking permissive intervention. (R. Doc. 75). Therefore, the court will address both arguments.

#### 1. Intervention by Right

Rule 24(a)(2) governs intervention by right, and applies four factors to determine whether an applicant "shall be permitted to intervene in an action." *Id.* Boulmay's claim will be analyzed according to each:

##### (i) Whether the applicant filed a timely motion to intervene

When determining whether a motion to intervene is timely, courts consider the following four factors: (1) how long the potential intervenor knew or reasonably should have known of its stake in the case into which it seeks to intervene; (2) the prejudice, if any, the existing parties may suffer because the potential intervenor failed to intervene when it knew or reasonably should have known of its stake in that case; (3) the prejudice, if any, the potential intervenor may suffer if the court does not let them intervene; and (4) any unusual circumstances that weigh in favor of or against a finding of timeliness." *Ford v. City of Huntsville,* 242 F.3d 235, 239 (5th Cir. 2001).

The instant action was first filed September 23, 2011. (R. Doc. 1). It was administratively closed on February 15, 2012, and not reopened until May 14, 2013. (R. Docs. 48, 65). Boulmay filed

the instant Motion to Intervene on August 13, 2013, almost two years after the initial action began. (R. Doc. 78). Although there has not been a scheduling order issuing deadlines in this dispute, Boulmay reasonably should have known of his alleged stake in this action before August 13, 2013.

Accordingly, this factor weighs against granting intervention.

### (ii) Whether the applicant claims an interest relating to the property or transaction which is the subject of the action

Boulmay's Motion to Intervene alleges various claims against Defendants, Frederick R. Heebe, Albert J. Ward, Jr., as well as parties not involved in the current action, including Jan Mann and the Estate of Al Copeland. (R. Doc. 75, p. 1-2).

The Fifth Circuit has held that a potential intervener asserts an interest relating to the property or transaction in the case in which it seeks to intervene, if the potential intervenor has "a direct, substantial, and legally protectable interest" in the property or transaction that forms the basis of the controversy in the case into which they seek to intervene. *Sylvester v. Boissiere,* No. 05-5527, 2006 WL 901754, at * 4 (E.D. La. Apr. 4, 2006); (*citing Doe v. Glickman,* 256 F.3d 371, 379 (5th Cir. 2001) (internal quotations omitted). This interest, however, must be more than an economic interest. *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 463 (5th Cir.1984).

Boulmay's allegations are not easily discernable. To the extent the Court ascertains them, they do not evidence a sufficient interest "relating to the subject" of this litigation. The claims Boulmay asserts, include but are not limited to the following, "Hirsche law firm judicial officer reduction open ended cover up [of] unconscionable scheme," the "[alleged review of archived court records] by [non-party] Jan Mann . . . as confessed by Alvin C. Copeland," the "Jan Mann defamation complaint blogging as factual;" "no time limit Kingsmill fabrication to deny 1984 recusal," and the alleged "golf course attack from behind on mover, pushing, spitting and screaming, 'we got you

6

down to next to nothing' [on mover]." (R. Doc. 75, p. 1 - 3).

Although Boulmay's assertions bare some relevance to the Civil RICO defendants, as Boulmay's motion names several named defendants in the instant matter, his allegations are unrelated to the pending federal litigation. To the extent any of his allegations are related to the ongoing federal criminal RICO investigation, that matter is not pending before this Court, and will not be considered. Therefore Boulmay does not assert a claim that is the "subject" of this litigation.

Accordingly, this factor weighs heavily against granting intervention.

### (iii) Whether the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest

As established in Factor (ii), Boulmay does not have a viable, protectable interest in the Civil RICO litigation before this Court. To the degree that Boulmay wishes to pursue a civil RICO action, not permitting his intervention in this claim will not impact his ability to do so in separate litigation. urther, the Court notes that the nature of the current matter is significantly different proposed intervention. Therefore, this factor also weighs heavily against intervention, as Boulmay does not assert a right or interest in the instant dispute.

### (iv) Applicant's interest inadequately represented by existing parties

Boulmay asserts numerous allegations regarding Defendants Freebe, Butler, Hirsch, and non-party Jan Mann, involving accusations of alleged perjury and alleged confessions made by Defendants. *See id.*

The potential intervenor has the burden of proving that the existing parties do not adequately represent her interest. *Espy*, 18 F.3d at 1207; *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, (1972). This burden, however, is "minimal," as the potential intervenor "need only show that the representation may be inadequate." *Id.*

Here, although Boulmay's allegations bare relevance to the Civil RICO defendants, and the Federal Criminal RICO investigation, those claims are not pending before this Court because Boulmay does not assert an interest in the dispute before this Court. However, based upon the law, the representation by the other parties would be inadequate given the nature of the different allegations. This factor weighs in favor of granting intervention.

Accordingly, after an analysis of the 24(a)(2) factors, three of the four factors weigh against granting Boulmay's request for intervention as a matter of right. Because failing to meet any of the four elements necessary for intervention as a matter of right is fatal to intervention, this Court finds that intervention as a matter of right is denied.  *Terminals, Ltd.*, 579 F.2d at 967.

## 2. **Permissive Intervention**

Rule 24(b) governs permissive intervention. Determining whether to grant permissive intervention is a two-step process. *See Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir.1977). First, the Court must determine, as a matter of law, whether the movant's "claim or defense and the main action have a question of law or fact in common." *Mac Sales Inc., et al. v. E.I. Dupont de Nemours*, 1995 WL 581790, *4 (E.D. La.1995). Thereafter, the Court must exercise its discretion to determine if permissive intervention should be allowed. *See New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir.1984).

In using its discretion under permissive intervention, a district court should consider, among other factors, whether the intervenors are adequately represented by other parties and whether they are likely to contribute significantly to the development of the underlying factual issues. *Clements*, 884 F.2d 185 (5th Cir.1989). Further, while the decision to permit intervention pursuant to Rule 24(b) is left to the sound discretion of the district court—even when the court finds a common question of fact of law, the court should consider the possibility of undue delay or prejudice that the original

parties might incur as a result of intervention. *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir.1984).

Although Rule 24(b) has less stringent requirements that Rule 24(a), the grounds for permissive intervention, still require that the intervenor claims an interest that has a common question of law or fact as the main action. As stated above, Boulmay has failed to demonstrate that he has a claim of common question of law or fact as the main action which would entitle it to permissive intervention pursuant to Rule 24(b). Further, there is no evidence which suggests that Boulmay's claims are likely to contribute significantly to the development of the facts in this case. Accordingly, Boulmay's claim for permissive intervention is denied.

Accordingly,

**IT IS ORDERED** that the opposed Motion to Intervene (R. Doc. 75) is **DENIED**.

New Orleans, Louisiana, this 11th day of September, 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**