UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WASTE MANAGEMENT OF LOUISIANA, LLC | CIVIL ACTION |
| VERSUS | NO. 11-2405 |
| RIVER BIRCH, INC., <br> HIGHWAY 90, LLC, <br> FREDERICK R. HEEBE, and <br> ALBERT WARD, JR. | SECTION "N" (4) |

### ORDER AND REASONS

Presently before the Court is the "Motion to Dismiss Counts I and II' filed by Defendants Frederick R. Heebe and Albert J. Ward, Jr. See Rec. Doc. 107.[1] The Court rules on the motion as stated herein.

### BACKGROUND

As discussed in the parties's submissions, Plaintiff's RICO claims regarding the 2006 closure of the Chef Menteur landfill, as pled in Plaintiff's original and first amended complaints, are premised upon Defendants' alleged bribery of Henry Mouton, the former Commissioner of the Louisiana Department of Wildlife and Fisheries.[2] In granting Defendants' previously filed motion

---

[1] This motion has been adopted by Defendants Highway 90, LLC, and River Birch, Inc. See Rec. Doc. 108, p. 1. The ruling stated herein likewise applies to the aspect of those defendants' motion concerning Counts I and II of the Second Amended Complaint.

[2] Plaintiff identified bribes paid to Henry Mouton as the predicate acts of his RICO claims concerning the Chef Menteur landfill in both his original and first amended complaint and RICO case statement. See Complaint (Rec. Doc. 1); Amended Complaint (Rec. Doc. 10), ¶ 91; RICO Case Statement (Rec. Doc. 5), pp. 8-11.

to dismiss regarding those claims, the Court concluded Plaintiff's allegations failed to satisfy its pleading burden relative to causation, that is, that the alleged RICO predicate offense, bribery of Mouton, a public official, was a "but for" and the "proximate cause" of the alleged injury–loss of the emergency authorization for the landfill.[3] In other words, the Court found that Plaintiff had not alleged sufficient facts to allow a reasonable inference, as opposed to mere speculation, that former Mayor Ray Nagin's July 2006 withdrawal of Chef Menteur's authorization was *because of* actions by Mouton, taken as a result of bribery allegedly attributable to Defendants, rather than a mere coincidence.[4]

Following that ruling, Plaintiff filed its Second Amended Complaint.[5] Although maintaining Plaintiff's prior assertions regarding Mouton, the Second Amended Complaint additionally alleges that Nagin's decision to withdraw Chef Menteur's emergency authorization resulted from Defendants' payment of unlawful contributions to Nagin's 2006 re-election campaign made with the specific intent to cause the former mayor to reverse course relative to the landfill.[6] Pointing to July 2006 correspondence from the Louisiana Department of Environmental Quality to Nagin outlining the negative consequences anticipated to result from Chef Menteur's closure,[7] Plaintiff contends Nagin's decision cannot otherwise be explained by a change in circumstance

---

[3] See Rec. Docs. 69 and 98.

[4] See Rec. Doc. 98.

[5] See Second Amended Complaint, Rec. Doc. 106.

[6] Id. at ¶¶ 6, 11-14, and 54-71.

[7] See Rec. Doc. 106, ¶¶ 16, and 64-69; see also Exhibit A to Rec. Doc. 106.

relative to the exigencies of New Orleans' hurricane clean-up operations.[8] In apparent further support for its position,[9] Plaintiff's Second Amendment also twice references Nagin's 2014 conviction of "twenty counts of bribery, conspiracy, and wire fraud," arising from receipt of financial benefits from city contractors, including those associated with Hurricane Katrina clean-up and rebuilding efforts, both before and after Hurricane Katrina.[10]

In the instant motion, Defendants contend that the allegations set forth in Plaintiff's Second Amended Complaint fail to cure the deficiencies forming the basis of the Court's prior dismissal of Plaintiff's RICO claims based on upon Defendants' alleged bribery of Henry Mouton. Defendants also contend that Plaintiff's new RICO bribery assertions, premised upon contributions to Nagin's re-election campaign, are conclusory and facially deficient such that they fail to state a viable claim of bribery and, in any event, are untimely.

## **LAW AND ANALYSIS**

The legal principles governing the Court's determination whether the allegations of Plaintiff's Amended Complaint are sufficient to survive dismissal, under Rule 12(b) of the Federal Rules of Civil Procedure, are set forth in the Court's prior Order and Reasons directed to Plaintiff's RICO claims.[11] Accordingly, in the interest of brevity, the Court will not repeat those tenets herein. Having carefully considered those principles, the parties' submissions, the allegations of Plaintiff's

---

[8] Id. at ¶¶ 13 and 64.

[9] If not intended to provide support for Plaintiff's allegations regarding the purpose and effect of Defendants' contributions to Nagin's decision regarding the Chef Menteur landfill, the statements seemingly are superfluous and not appropriately included in the pleading.

[10] See Rec. Doc. 106, ¶¶ 15 and 70.

[11] See Rec. Doc. 98, pp. 2-5.

Second Amended Complaint, and the allegations set forth in its earlier complaints, the Court concludes, for essentially the reasons articulated in Defendants' memoranda,[12] that Plaintiff has failed to cure the "causation" pleading deficiencies previously identified relative to Plaintiff's RICO claims premised upon Defendants' alleged bribery of Mouton.

On the other hand, the Court agrees with Plaintiff that its new assertions relative to Defendants' alleged bribery of Nagin, if timely, are sufficiently pled so as to withstand Heebe's Rule 12(b)(6) attack. In reaching this conclusion, the Court particularly notes the factual allegations outlined in paragraphs 54-71 of the Second Amended Complaint, as well as the analysis of the issue found in Plaintiff's opposition memorandum.[13]

As stated above, however, Defendants Heebe and Ward also contend that Plaintiff's more recent RICO allegations, resting on Defendants' purported bribery of Nagin via unlawful campaign contributions, are barred by the four-year statute of limitations applicable to civil RICO claims. See *Agency Holding Corp. v. Malley–Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987) (concluding four–year limitations period applicable to Clayton Act civil enforcement actions likewise applies to civil RICO claims). Given that Defendants are alleged to have made the unlawful campaign contributions in 2006 and the Chef Menteur landfill also was closed in 2006, the assertions do appear to be untimely based solely on an examination of the face of Plaintiff's Second Amended Complaint.

---

[12] See Rec. Docs. 107 and 123.

[13] See Rec. Doc. 121.

In urging the timeliness of these more recent RICO assertions, Plaintiff references the "relation back" principles set forth in Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure.[14] Defendants dispute the applicability of the provision, arguing Plaintiff's assertion that Defendants' alleged bribery of Nagin brought about the withdrawal of Chef Menteur's emergency authorization constitutes "new and distinct" conduct, transactions, or occurrences.[15] Unfortunately, the parties' discussion of the "relation back" question essentially ends there; no analysis of pertinent

---

[14] Federal Rule of Civil Procedure 15 provides, in pertinent part:

Rule 15. Amended and Supplemental Pleadings

(c) Relation Back of Amendments.

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

[15] See Rec. Doc. 123, p. 4.

jurisprudence, addressing the proper application of Rule 15(c)'s relation back provision to circumstances such as those presented here, is provided. Nor are any facts alleged in the Second Amended Complaint to support such a contention. Additionally, moreover, Plaintiff's parting argument – that "equitable tolling" principles generally applicable to federal statutes of limitations render its RICO claims timely – is left unanswered by Defendants.[16]

   Given the foregoing, the Court will grant Defendants' motion to dismiss relative to Plaintiff's RICO claims insofar as those claims are predicated on Defendants' alleged bribery of Mouton. The motion is denied, however, relative to Plaintiff's RICO claims premised upon Defendants' 2006 contributions to Nagin's re-election campaign. Given the significant, but unresolved, question of the timeliness of Plaintiff's remaining RICO claims, the latter ruling is without prejudice to Defendants' right to seek pre-trial resolution of the issue by means of additional *properly supported* motion practice subsequent to Plaintiff being allowed until Monday, April 27, 2015, to amend its complaint to include the factual bases for its assertion that equitable principles render its claim timely.[17]

---

[16] Plaintiff's sur-reply invokes the equitable tolling doctrine in response to Defendants' suggestion, in their reply memorandum, that the 2011 filing date of the initial complaint, given the four-year limitations period, render untimely the entirety of Plaintiff's RICO's claims premised upon the 2006 closure of the Chef Menteur landfill. See Rec. Docs. 123 and 130.

[17] The parties are advised that all legal memoranda hereinafter submitted in this action *must* include proper citations and analysis of controlling statutory and jurisprudential authorities.

## CONCLUSION

On the present showing made, **IT IS ORDERED** that Defendant Heebe's motion is **GRANTED IN PART** and **DENIED IN PART** to the extent stated herein. **IT IS FURTHER ORDERED** that Plaintiff shall have until Monday, April 27, 2015, to amend its complaint to include the factual bases for its assertion that equitable principles render its claim timely.

New Orleans, Louisiana, this 27th day of March 2015.

_____
**KURT D. ENGELHARDT**
**United States District Judge**