UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WASTE MANAGEMENT OF LOUISIANA, LLC | CIVIL ACTION |
| VERSUS | NO. 11-2405 |
| RIVER BIRCH, INC., HIGHWAY 90, LLC, FREDERICK R. HEEBE, and ALBERT WARD, JR. | SECTION "N" (4) |

## ORDER AND REASONS

Presently before the Court is the "Motion to Dismiss under Rule 12(b)(6)" filed by Defendants River Birch, Inc. and Highway 90, LLC. See Rec. Doc. 108. The motion seeks dismissal of Counts I, II, III, IV, and VII of Plaintiff Waste Management of Louisiana, LLC's Second Amended Complaint (Rec. Doc. 106). As stated herein, **IT IS ORDERED** that the motion (Rec. Doc. 108) is **GRANTED** insofar as it seeks dismissal of Counts III and IV. With respect to Counts I and II, the Court adopts the ruling set forth in the separate Order and Reasons also issued on this date relative to the motion to dismiss (Rec. Doc. 107) filed by Defendants Frederick R. Heebe and Albert J. Ward, Jr., regarding Counts I and II. Because the separate motion to dismiss filed by Heebe and Ward (Rec. Doc. 107) did not include Count VII, and the instant motion simply adopts that motion, except with respect to Counts I and II, the Court presently renders no ruling regarding Count VII.

**BACKGROUND**

In this suit, Plaintiff alleges, among other things, that Defendants conspired with certain former Jefferson Parish officials relative to municipal waste disposal in Jefferson Parish and the Jefferson Parish landfill operated, pursuant to contract, by Plaintiff. Based on these allegations, Plaintiff asserted claims (Counts III and IV) against Defendants pursuant to the Louisiana Antitrust Law, La. R.S. 51:121.

**ANALYSIS**

The Court previously found Plaintiff's antitrust claims regarding C&D landfills barred by the *Noerr-Pennington* immunity doctrine.[1] Accordingly, those claims were dismissed. Although the Court likewise previously dismissed Plaintiff's antitrust claims involving the Jefferson Parish landfill, a MSW landfill, it did so without prejudice to Plaintiff's right to amend its complaint.[2] In that same ruling, the Court ordered that any additional motion practice concerning the applicability of the *Noerr-Pennington* immunity doctrine to Plaintiff's Jefferson Parish landfill antitrust claims include discussion of the existence and applicability of a possible fraud or misrepresentation exception to the doctrine in certain "less political" contexts.[3]

Having now carefully considered the allegations of Plaintiff's Second Amended Complaint regarding Plaintiff's antitrust claims involving the Jefferson Parish landfill, and the parties' most recent submissions addressing the legal viability of those claims, the Court finds

---

[1] See Rec. Doc. 99.

[2] Because it was not apparent to the Court that amendment of the complaint would yield a viable claim regarding C&D landfills, the Court's dismissal of that aspect of Plaintiff's antitrust claims was with prejudice. See Rec. Doc. 99, p. 9.

[3] Id. at p. 8.

Defendants' instant motion to dismiss meritorious. Assuming that a fraud or misrepresentation exception to the *Noerr-Pennington* immunity doctrine exists in certain "less political" contexts, the Court agrees, for the reasons stated in Defendants' memoranda, that the exception does not apply to the facts alleged here.[4] Accordingly, the Court agrees that the immunity doctrines invoked by Defendants[5] require dismissal of Plaintiff's antitrust claims.[6]

New Orleans, Louisiana, this 27th day of March 2015.

                                               **KURT D. ENGELHARDT**
                                               **United States District Judge**+

---

[4] See Rec. Doc. 108-1, pp. 3-4, 7-14, and 21-22; Rec. Doc. 125, pp. 5-9.

[5] See Rec. Doc. 108-1, pp. 3-14 and 17-22.

[6] As previously ordered relative to Plaintiff's antitrust claims concerning C&D landfills, the instant dismissal is with prejudice.