UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

WASTE MANAGEMENT OF LOUISIANA, LLC                    CIVIL ACTION

VERSUS                                                                        NO. 11-2405

RIVER BIRCH, INC.,                                                      SECTION "N" (4)
HIGHWAY 90, LLC,
FREDERICK R. HEEBE, and
ALBERT WARD, JR.

### ORDER AND REASONS

Presently before the Court are the "Motion to Strike and to Dismiss Counts I and II" filed by Defendants Frederick R. Heebe and Albert J. Ward, Jr. (Rec. Doc. 146) and the "Motion to Dismiss Counts I and II filed by Defendants Highway 90, LLC, and River Birch, Inc. (Rec. Doc. 145). These motions are directed to the RICO claims concerning the 2006 closure of the Chef Menteur landfill that are set forth in Counts I and II to the Third Amended Complaint filed by Plaintiff, Waste Management of Louisiana, LLC (Rec. Doc. 140). As stated herein, **IT IS ORDERED** that the motions are **DENIED**. **IT IS FURTHER ORDERED** that Defendants are to answer Plaintiff's Third Amended Complaint no later than twenty (20) days from the entry date of this Order and Reasons. A scheduling conference with counsel shall promptly thereafter be held by the Section "N" case manager.

In the most recent Order and Reasons (Rec. Doc. 131) addressing Plaintiff's RICO claims regarding the Chef Menteur landfill, the Court found that Plaintiff had failed to cure the "causation" pleading deficiencies previously identified relative to Defendants' alleged bribery of

Henry Mouton,  former Commissioner of the Louisiana Department of Wildlife and Fisheries.  On the other hand, the Court agreed with Plaintiff that its new assertions relative to Defendants' alleged bribery of former Mayor Ray Nagin, if timely, were sufficiently pled so as to withstand Rule 12(b)(6) attack.  Because Plaintiff did not include Nagin's alleged 2006 bribery in its original or amended complaints until 2014, however, the Court directed Plaintiff to amend its complaint to include the factual bases for its assertion that equitable principles rendered those claims timely despite the application of a four-year statute of limitations.  See Rec. Doc. 131 at 6.  Plaintiff's Third Amended Complaint (Rec. Doc. 140), along with Defendants' instant motions, followed.

With their motion to strike, Defendants Heebe and Ward contend that all factual assertions regarding the alleged bribery of Henry Mouton should be stricken from the Third Amended Complaint because the Court has twice ruled that the allegations fail to satisfactorily plead the causation required to state an actionable RICO claim.  In the motions to dismiss, Defendants additionally contend that Waste Management has failed to plead a factual basis sufficient to render its claim timely.

Having carefully considered applicable legal principles,  the parties' submissions, the allegations of Plaintiff's Third Amended Complaint, and the allegations set forth in its earlier complaints, **IT IS ORDERED** that Defendants' motions (Rec. Docs. 145 and 146) are **DENIED** for essentially the reasons articulated in Plaintiff's opposition memorandum (Rec. Doc. 150).  Although Defendants ultimately may be able to make the evidentiary showing necessary to prevail by summary judgment, the Court is unable to conclude at this juncture of the proceedings, based solely on the pleadings and without the benefit of discovery, that dismissal of the entirety of Plaintiff's RICO claims is warranted.

More specifically, while Defendants are correct that the Court previously found Plaintiff's allegations regarding Mouton, standing alone, insufficient to state a RICO claim, the Court is not presently convinced that those allegations are so lacking in possible relevance that they must be stricken from Plaintiff's pleadings. To the extent that the Court later determines such relief warranted, it can be rendered at that time.  The Court likewise is not presently able to conclude that Plaintiff's claims premised upon Nagin's alleged bribery are precluded by the four-year RICO statute of limitations.

Regarding its latter determination, the Court agrees with Defendants that Plaintiff was well aware, in 2006, of the Chef Menteur landfill's closure, and thus charged with a duty of reasonable investigation of the cause of that closure.  Importantly, however, it was *Nagin*, in his official capacity as the mayor of New Orleans, who was empowered to grant and then revoke the landfill's emergency construction and debris (C&D) approval, not *Defendants*.  And, on the limited showing made, the Court is not in a position to conclude, as a matter of law, that the alleged unlawful linkage between former Mayor Nagin's permit revocation and Defendants' conduct was so readily apparent that a reasonable investigation by a private, non-law enforcement person – a waste management company busily engaged in removing the wreckage caused by Hurricanes Katrina and Rita and their aftermaths – necessarily should have uncovered it within the four years immediately following the 2006 closure date.  Finally, given that Defendants have been on notice, since the 2011 filing date of this lawsuit, that Plaintiff contends that the Chef Menteur landfill closure was the direct and intended result of Defendants' bribery, it likewise is not readily apparent to the Court that

Plaintiff's allegations regarding the bribery of former Mayor Nagin are so "new and distinct" that they cannot "relate back," pursuant to Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure,  to the date of the September 2011 filing of the original complaint.

New Orleans, Louisiana, this 22nd day of March 2016.

**KURT D. ENGELHARDT**
**United States District Judge**

4