UNITED STATES DISTRJCT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WASTE MANAGEMENT OF LOUISIANA, L.LC. | * * * | CIVIL ACTION NO.: 2:11-cv-02405 |
| VERSUS | * * | JUDGE:  KURT D. ENGELHARDT |
| RIVER BIRCH, INC., ET AL | * * | MAGISTRATE KAREN WELLS ROBY |

*************************************

### JOINT MOTION AND INCORPORATED MEMORANDUM
### FOR WRIT OF HABEAS CORPUS *AD TESTIFICANDUM*

Plaintiff, Waste Management of Louisiana, LLC, and defendants, River Birch, Inc., Highway 90, LLC, Frederick R. Heebe, and Albert J. Ward, Jr., respectfully submit this motion for writ of habeas corpus *ad testificandum* requesting that Prisoner C. Ray Nagin be brought to the United States Courthouse for the Eastern District of Louisiana to sit for his previously ordered deposition.

### BACKGROUND

On February 7, 2017, Magistrate Judge Karen Wells Roby ordered Mr. Nagin to appear for a deposition at the Texarkana Federal Correctional Institution where he is currently incarcerated.  See Ex. "A."  After consulting with counsel for the Bureau of Prisons and agreeing on a mutually acceptable date, the parties served Mr. Nagin, through his prison counselor Matthew Allensworth, with a subpoena to take Mr. Nagin's deposition on March 15, 2017, at 8:00 a.m.  See Ex. "B."

Counsel for Waste Management, Mr. Heebe, and Mr. Ward traveled to Texarkana, Texas on March 14, 2017, in order to take Mr. Nagin's deposition the following morning.  At 6:45 a.m. on March 15, 2017, Mr. Allensworth informed counsel for Mr. Heebe that the Warden of the

Texarkana Federal Correctional Institution would not permit the attorneys or the court reporter to enter the prison premises because Mr. Nagin did not consent to having his deposition taken. See Exhibit "C."  As a result, the parties were forced to conduct a *proces verbal* in a hotel lobby.  See Ex. "D."

Because Mr. Nagin and the Warden of Texarkana FCI refused to recognize a lawfully executed subpoena issued in response to an order by this Court, the parties jointly request that the Court issue a writ of habeas corpus *ad testificandum* ordering Mr. Nagin to be brought to the United States Courthouse for the Eastern District of Louisiana for his deposition.

## LAW AND ARGUMENT

Mr. Nagin's refusal to sit for his lawfully ordered deposition—and Texarkana FCI's decision not to produce him—warrants issuing a writ of habeas corpus compelling Mr. Nagin to be transported to the Eastern District of Louisiana.  The writ of habeas corpus *ad testificandum* is not limited to securing an inmate's presence at trial; "[t]he issuance of a writ of habeas corpus *ad testificandum* for the purpose of taking an oral deposition" is also within the Court's authority. *Hasso v. Retail Credit Co.,* 326 F. Supp. 1179, 1181 (D. Del. 1971) (citations omitted).  Further, although Nagin is incarcerated outside the Eastern District of Louisiana, "district courts have the authority to issue writs of habeas corpus *ad testificandum* extraterritorially." *ITEL Capital Corp. v. Dennis Min. Supply & Equip., Inc*., 651 F.2d 405,407 (5th Cir. 1981).

Whether to issue a writ of habeas corpus *ad testificandum* is within the "sound discretion of the district court." *Latiolais v. Whitley*, 93 F.3d 205, 208 (5th Cir. 1996); see also *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977).  The Fifth Circuit has listed four factors governing the exercise of this discretion:  (1) whether the prisoner's presence will substantially further the resolution of the case; (2) the security risks presented by the prisoner's presence; (3) the expense

of the prisoner's transportation and safekeeping; and (4) whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted. *See Ballard*, 557 F.2d at 480. When, as here, the inmate is not the plaintiff, "considerations such as whether the district court properly weighs the interest of the inmate in presenting his case in person, versus the interest of the state in maintaining the inmate's incarceration, do not necessarily come into play." *Conwill v. Greenberg Traurig, L.L.P.*, No. CIV.A. 11-0938, 2012 WL 5288749, at *1 (E.D. La. Oct. 24, 2012).

These factors justify issuing a writ to compel Mr. Nagin's presence at a deposition in the Eastern District of Louisiana. As the Court is aware, Waste Management alleges that the defendants bribed Mr. Nagin to close the Chef Menteur landfill. *See*, *e.g.*, Rec. Doc. 140, Third Amended Complaint ¶ 6. Mr. Nagin clearly possesses information material to these allegations, his testimony is essential to resolving this issue on the merits, and his ten-year prison sentence makes a continuance impractical.

Mr. Nagin's transportation to the Eastern District of Louisiana raises logistical issues, but "security and cost concerns are always at issue in the transfer of a prisoner." *Conwill v. Greenberg Traurig, L.L.P.*, No. CIV.A. 11-0938, 2012 WL 5288749, at *1 (E.D. La. Oct. 24, 2012); *see also United States v. $64,000.00 in Unites States Currency*, 722 F.2d 239,' 247 (5th Cir. 1984) (finding no abuse of discretion when petitioner did not post the necessary money to transport the prisoner). Here, counsel is unaware of any security concerns surrounding Mr. Nagin's deposition attendance. Further, as explained above, counsel has pursued alternatives to seeking a writ, at great expense to their respective clients, by attempting to depose Mr. Nagin at the correctional facility in Texarkana. *Conwill*, 2012 WL 5288749 at *1 (denying writ, in part, because of alternatives to live testimony, such as video conferencing and depositions).

3

Unfortunately, counsel was denied admittance by the Warden, without advance notice, on the morning of Mr. Nagin's scheduled deposition.

## CONCLUSION

For the foregoing reasons, the Joint Motion for writ of habeas corpus *ad testificandum* filed by Waste Management of Louisiana, LLC, River Birch, Inc., Highway 90, LLC, Frederick R. Heebe, and Albert J. Ward, Jr., should be granted, and the Court should ordering that C. Ray Nagin to be brought to the United States Courthouse for the Eastern District of Louisiana to sit for his previously ordered deposition. The parties have conferred and agreed to the date and time listed in the attached order.

Respectfully submitted,

/s/ William P. Gibbens
William P. Gibbens (27225)
Joelle F. Evans
SCHONEKAS, EVANS, McGOEY
& McEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, Louisiana  70112
Telephone: (504) 680-6050
Facsimile: (504) 680-6051
billy@semmlaw.com

*Attorneys for Frederick R. Heebe*

/s/ Thomas M. Flanagan
Thomas M. Flanagan (19569)
FLANAGAN PARTNERS, LLP
201 St. Charles Avenue, Suite 2405
New Orleans, Louisiana  70170
Telephone: (504) 569-0235
Facsimile: (504) 592-0251

*Attorneys for River Birch, LLC and Highway 90, LLC*

/s/ James G. Kress
James G. Kress (pro hac vice)
Dan Starck (pro hac vice)
Baker Botts LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 639-7884
Fax: (202) 639-1159
james.kress@bakerbotts.com

*Attorneys for Plaintiff
Waste Management of Louisiana, LLC*

/s/ Robert A. Kutcher
Robert A. Kutcher
Nicole S. Tygier
WAGAR RICHARD KUTCHER TYGIER &
LUMINAIS, LLP
Two Lakeway Center, Suite 900
3850 North Causeway Boulevard
Metairie, Louisiana  70002
Telephone: (504) 830-3838
rkutcher@nolacounsel.com

*Attorneys for Albert J. Ward, Jr.*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of April, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                          */s/William P. Gibbens*
                                          WILLIAM P. GIBBENS