UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WASTE MANAGEMENT OF LOUISIANA, LLC | CIVIL ACTION |
| VERSUS | NO: 11-2405 |
| RIVER BIRCH, INC. ET AL | SECTION: "N" (4) |

ORDER AND REASONS

Before the Court is a **Motion for Leave to Conduct Additional Depositions (R. Doc. 219)** filed by the Plaintiff Waste Management of Louisiana, LLC seeking an order from the Court for leave to conduct additional depositions beyond the ten provided under Federal Rule of Civil Procedure 30. The motion is opposed. R. Doc. 229. The motion was submitted on April 19, 2016 and heard with argument that same day. For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

I.  Background

This action was filed in the District Court on September 23, 2011. R. Doc. 1. Waste Management of Louisiana, LLC ("Plaintiff") alleges that the Defendants have engaged in a long-running conspiracy to limit and exclude competition for landfill disposal services in and around New Orleans, Louisiana. R. Doc. 140, p. 1. The Defendants in this action are: River Birch, Inc., the owner and operator of River Birch landfill; Highway 90 LLC, who owns Highway 90 landfill; Frederick Heebe, the owner of Shadow Lake Management, Co., which is the parent corporation of River Birch, Inc.; and Albert Ward, who is the father-in-law of Heebe, and former President of River Birch, Inc. and Manager of Highway 90 LLC (collectively "Defendants"). In particular, the Plaintiff states that it suffered direct injury as a result of the Defendants actions in at least two

1

instances: the premature closure of the Chef Menteur landfill in 2006 as part of a scheme to transfer more Hurricane Katrina clean-up debris to River Birch's landfill; and the efforts to prematurely oust the Plaintiff as operator of the Jefferson Parish landfill as part of a scheme to transfer the Parish's municipal solid waste to River Birch landfill under an exclusive 25-year contract. *Id.* at p. 2. As such, the Plaintiff has alleged two counts of violations under Federal Racketeer Influenced and Corrupt Organizations ("RICO") Sections 1962(c) and Section 1962(d). *Id.* at p. 39-42.

At this time, the Plaintiff has filed a Motion for Leave to Conduct Additional Depositions. R. Doc. 219. In particular, the Plaintiff seeks to conduct a total of twenty-two depositions, eleven more than the ten allowed under Federal Rule of Civil Procedure 30(a)(2). R. Doc. 219-1, p. 3-6. The Plaintiff argues that, given the complex nature of the underlying RICO claims, these depositions are necessary and relevant. *Id.* at p. 7. Moreover, the Plaintiff argues that the depositions are not unreasonably cumulative and obtain information that is not obtainable through some other means. *Id.* at p. 10-12.

The Defendants have opposed the motion. R. Doc. 229. The Defendants argue that many of the requests depositions are unnecessary, particularly as they relate to the Jefferson Parish claims and Henry Mouton. *Id.* at p. 3-4. The Defendants argue that three of the individuals have already been deposed by the Plaintiff in other matters. *Id.* at p. 4-5. Finally, the Defendants argue that the depositions are only marginally relevant and that the Plaintiffs should be forced to decide which depositions are truly necessary to its case within in confines of the Federal Rules. *Id.* at p. 5-7.

## II. **Standard of Review**

Federal Rules of Civil Procedure provide that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)…if the parties have not

stipulated to the deposition and…the deposition would result in more than 10 depositions being taken." Fed. R. Civ. P. 30(a)(2)(A)(i). "Rule 26 allows for the exercise of discretion, providing that the Court 'may alter the limits in these rules on the number of depositions' by order." *United States v. RES Holdings,* No. 11-739, 2012 WL 4369658, at *2 (E.D. La. Sept. 24, 2012) (quoting Fed. R. Civ. P. 26(b)(2)(a)).

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifics that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.

### III. Analysis

The Plaintiff has filed the instant motion to take a total of twenty-two depositions in this case. R. Doc. 219-1. During oral argument, the Parties agreed to allow a total of fifteen (15) depositions to be taken by each side and those fifteen will not include those individuals whose

depositions the Court finds to be irrelevant at this time as discussed *infra*. The Parties also agreed to combine the 30(b)(6) depositions of certain companies with other individuals who will already be deposed and not count those depositions as more than one deposition. Agreeing with this compromise, the Court approves this agreement and grants the motion to this extent.

However, the Court did have some concerns about a few particular proposed depositions. Mindful that under Federal Rule of Civil Procedure 26 discovery is limited to "any non-privileged matter that is relevant to any party's claim or defense," the Court will not allow the depositions of Rick Buller, Gwen Bolotte, Margaret Mary Winter, and Anne Vandenweghe at this time. Should information come to light that makes these depositions relevant, the Plaintiff may seek permission from the Court to conduct those depositions.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that **Motion for Leave to Conduct Additional Depositions (R. Doc. 219)** is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent that each party may conduct fifteen (15) depositions.

**IT IS FURTHER ORDERED** that the motion is **DENIED** as to the depositions of Rick Buller, Gwen Bolotte, Margaret Mary Winter, and Anne Vandenweghe at this time.

New Orleans, Louisiana, this 19th day of April 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**