UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WASTE MANAGEMENT OF LOUISIANA, LLC | CIVIL ACTION |
| VERSUS | NO: 11-2405 |
| RIVER BIRCH, INC. ET AL | SECTION: "N" (4) |

## ORDER AND REASONS

Before the Court is a **Motion for Leave to Extend the Deposition of Henry Mouton (R. Doc. 240)** filed by the Plaintiff Waste Management of Louisiana, LLC seeking an order from the Court for leave to extend the deposition of Mouton by an additional seven hours. The motion is opposed. R. Doc. 243. The motion was submitted on May 10, 2017 and heard with argument on May 17, 2017.

### I. Background

This action was filed in the District Court on September 23, 2011. R. Doc. 1. Waste Management of Louisiana, LLC ("Plaintiff") alleges that the Defendants have engaged in a long-running conspiracy to limit and exclude competition for landfill disposal services in and around New Orleans, Louisiana. R. Doc. 140, p. 1. The Defendants in this action are: River Birch, Inc., the owner and operator of River Birch landfill; Highway 90 LLC, who owns Highway 90 landfill; Frederick Heebe, the owner of Shadow Lake Management, Co., which is the parent corporation of River Birch, Inc.; and Albert Ward, who is the father-in-law of Heebe, and former President of River Birch, Inc. and Manager of Highway 90 LLC (collectively "Defendants"). In particular, the Plaintiff states that it suffered direct injury as a result of the Defendants actions in at least two instances: the premature closure of the Chef Menteur landfill in 2006 as part of a scheme to transfer

1

more Hurricane Katrina clean-up debris to River Birch's landfill; and the efforts to prematurely oust the Plaintiff as operator of the Jefferson Parish landfill as part of a scheme to transfer the Parish's municipal solid waste to River Birch landfill under an exclusive 25-year contract. *Id.* at p. 2. As such, the Plaintiff has alleged two counts of violations under Federal Racketeer Influenced and Corrupt Organizations ("RICO") Sections 1962(c) and Section 1962(d). *Id.* at p. 39-42.

At this time, the Plaintiff has filed a Motion for Leave to Extend the Deposition of Henry Mouton. R. Doc. 240. In particular, the Plaintiff argues that given the importance of Mouton's actions in this case, the large number of documents and communications to discuss with him, the nearly three years of relevant time, and the probability that multiple parties will likely examine him. R. Doc. 240-1, p. 4-5.

The Defendants have opposed the extended time, arguing that Mouton is not so relevant as to require the need for additional time for him to be deposed. R. Doc. 243. The Defendants argue that the Plaintiff has only pled limited factual allegations in regards to Mouton and that Mouton's alleged involvement cannot exceed August of 2006, when the Chef Menteur Landfill closed. *Id.* at p. 3.

## II. <u>Standard of Review</u>

Federal Rules of Civil Procedure provide that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). "The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." 2000 Advisory Committee Notes to Federal Rule of Civil Procedure 30; *Holmes v. N. Texas Health Care Laundry Coop.*

*Assoc.*, No. 15-2117, 2016 WL 2609995, at *3 (N.D. Tex. May 6, 2016) ("[U]nder Rule 30(d)(1), the Court may extend the limits on depositions for good cause.").

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifics that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.

**III.** **Analysis**

The Plaintiff has filed the instant motion seeking to extend the deposition of Mouton by an additional seven hours. R. Doc. 240. The Plaintiff appears to argue that there is good cause to allow for this extension given that: (i) Mouton's role is important to the case; (ii) there are a large number of relevant documents to discuss with Mouton; (iii) Mouton's involvement spans a number of years; and (iv) Mouton will likely be examined by a number of parties. R. Doc. 240-1, p. 4. In reply, the Defendants argue that Mouton's role is more limited than suggested by the Plaintiff

given the limited factual allegations involved with Mouton. R. Doc. 243. As such, the Defendants argue that the Mouton deposition should be able to be completed within the seven-hour limit provided under the Federal Rules.

In order to receive additional time to conduct Mouton's demonstration, the Plaintiff must demonstrate good cause for the extension in light of the relevant scope of discovery. Fed. R. Civ. P. 30(d)(1). Additionally, the Court must allow such time as necessary to "fairly examine" the deponent. *Id.* "In deciding whether there has been a fair examination, the court may consider factors such as: (1) if the examination will cover events occurring over a long period of time; and (2) the need for each party to examine the witness in multi-party cases." *Kleppinger v. Texas Dept. of Transp.*, 283 F.R.D. 330, 333 (S.D. Tex. 2012) (citing 2000 Advisory Committee Notes to Federal Rule of Civil Procedure 30).

Here, this Court has previously examined the relevance of the Plaintiff's alleged claims involving Mouton and the appropriate scope of discovery related to those claims. R. Doc. 202, p. 13-15. As the Court has previously found, Mouton's activities as it relates to the Chef Menteur, Old Gentilly, and Two Rivers landfills as well as the alleged pattern of racketeering are relevant and discoverable. *Id.* Additionally, despite continued protestation from the Defendants, the Court stand by its prior findings that discovery related to Mouton is relevant. *Id.* at p. 14. However, the question before the Court is the appropriate additional time.

The Plaintiff states that Mouton will likely discuss over one-hundred documents of the 2,350 documents that the Defendants have produced as they relate to Mouton's activities. R. Doc. 240-1, p. 5. Moreover, the Plaintiff argues that previous deposition testimony indicates that Mouton may be in the best position to discuss these documents. As such, the Plaintiffs seek an additional seven (7) hours total for the deposition and, alternatively, an additional four (4) hours if

the Defendants forgo questioning Mouton. And, the Defendants have indicated that they will likely need two hours of questioning for Mouton. R. Doc. 243, p. 3.

During oral argument, the Court ruled that the Plaintiff could depose Mouton for seven (7) hours and the Defendants could depose Mouton for two (2) hours. The deposition does not need to be completed in one day. Moreover, the Court instructed the Plaintiff that should it need additional time it could contact Chambers for a conference call to discuss any additional time. The Court further cautioned that the Plaintiff should use its time wisely because the Court would be reviewing any additional documents that needed to be addressed during Mouton's deposition as well as who the seven hours allotted were used.

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** that **Motion for Leave to Extend the Deposition of Henry Mouton (R. Doc. 240)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent that the Plaintiff may depose Mouton for **seven (7) hours** and the Defendants may depose Mouton for **two (2) hours.**

New Orleans, Louisiana, this 17th day of May 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**