# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WASTE MANAGEMENT OF LOUISIANA, LLC | CIVIL ACTION |
| VERSUS | NO: 11-2405 |
| RIVER BIRCH, INC. ET AL | SECTION: "N" (4) |

## ORDER

Before the Court is a **Motion for Protective Order Concerning Certain Proposed Rule 30(b)(6) Deposition Topics (R. Doc. 267)** filed by the Plaintiff Waste Management of Louisiana, LLC seeking an order from the Court preventing the Defendants from taking the deposition of the Plaintiff in relation to three topic areas. The motion is opposed. R. Doc. 269. The motion was submitted on June 28, 2017 and heard with argument that same day. For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART.**

## I. Background

This action was filed in the District Court on September 23, 2011. R. Doc. 1. Waste Management of Louisiana, LLC ("Plaintiff") alleges that the Defendants have engaged in a long-running conspiracy to limit and exclude competition for landfill disposal services in and around New Orleans, Louisiana. R. Doc. 140, p. 1. The Defendants in this action are: River Birch, Inc., the owner and operator of River Birch landfill; Highway 90 LLC, who owns Highway 90 landfill; Frederick Heebe, the owner of Shadow Lake Management, Co., which is the parent corporation of River Birch, Inc.; and Albert Ward, who is the father-in-law of Heebe, and former President of River Birch, Inc. and Manager of Highway 90 LLC (collectively "Defendants"). In particular, the Plaintiff states that it suffered direct injury as a result of the Defendants actions in at least two instances: the premature closure of the Chef Menteur landfill in 2006 as part of a scheme to transfer more Hurricane Katrina clean-up debris to River Birch's landfill; and the efforts to prematurely

oust the Plaintiff as operator of the Jefferson Parish landfill as part of a scheme to transfer the Parish's municipal solid waste to River Birch landfill under an exclusive 25-year contract. *Id.* at p. 2. As such, the Plaintiff has alleged two counts of violations under Federal Racketeer Influenced and Corrupt Organizations ("RICO") Sections 1962(c) and Section 1962(d). *Id.* at p. 39-42.

At this time, the Plaintiff has filed a motion for protective order relating to three proposed topics for the 30(b)(6) deposition of the Plaintiff. R. Doc. 267. The Plaintiff argues that Topics 6 and 7—which discuss the factual bases for the Plaintiff's RICO statement and Third Amended Complaint—are overbroad, seek legal conclusions, and are duplicative of prior discovery. R. Doc. 267-1, p. 6-9. The Plaintiff further argues that Topic 27—which discusses the causation of the denial of the Two Rivers Landfill permit—is irrelevant and disproportionate to the needs of this case. *Id.* at p. 9-10.

The Defendants oppose the motion. R. Doc. 269. The Defendants argue that Topics 6 and 7 are reasonably particular and are not unreasonably cumulative, burdensome, or duplicative. *Id.* They further argue that Topic 27 is relevant given the Plaintiff's own allegations that the Defendants engaged in a RICO conspiracy to disadvantage competitor landfills such as Two Rivers. *Id.* at p. 11-12.

## II. **Standard of Review**

"Rule 30(b)(6) allows parties to obtain testimony from a corporation, provided the party describes with reasonable particularity the matters for examination." *Mike Hooks Dredging Co., Inc. v. Eckstein Marine Service, Inc.*, No. 08-3945, 2011 WL 2559821, at *1 (E.D. La. June 28, 2011) (Berrigan, J.) (citing Fed. R. Civ. P. 30(b)(6)). Thereafter, the named organization "must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6); *id.; see also*, *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416,

433 (5th Cir. 2006) (quoting 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2103, at 33 (2d ed.1994)) ("'Obviously it is not literally possible to take the deposition of a corporation; instead . . . the information sought must be obtained from natural persons who can speak for the corporation.'").

As the Fifth Circuit has explained:

> the deponent must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to *prepare* those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters. [T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.

*Brazos River Auth.*, 469 F.3d at 433 (internal quotations and citations omitted).

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1).

3

Finally, Rule 26(c) governs the issuances of Protective Orders in discovery. A Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The rule offers a variety of potential options that the Court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters or requiring that a trade secret or other confidential commercial information not be revealed or be revealed in only a certain way. Fed. R. Civ. P. 26(c)(1)(D), (G). "The party seeking the protective order bears the burden to show 'the necessity of its issuance, which contemplates a particular and specific demonstration of fact[.]'" *Cazaubon v. MR Precious Metals, LLC*, 14-2241, 2015 WL 4937888, at *2 (E.D. La. Aug. 17, 2015) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998)). The trial court enjoys wide discretion in setting the parameters of a protective order. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."). Finally, Rule 26(c)(1) requires a certification that the moving party has conferred or attempted to confer in good faith with the other affected party to attempt to resolve the issue without the court's interference.

### III. Analysis

The Plaintiff has filed the instant motion to compel seeking an order from the Court preventing the Defendants from taking the deposition of the Plaintiff in relation to three topic areas. In particular, the Plaintiff seeks an order relating to:

6. The factual basis for the allegations contained in [the Plaintiff's] RICO Statement.

7. The factual basis for the allegations contained in [the Plaintiff's] Third Amended Complaint…

27. The factual basis for the allegations that the Two Rivers Landfill was never permitted to open as a result of the conduct of the Defendants.

R. Doc. 267-3; 267. The Plaintiff argues that Topics 6 and 7 are overly broad, duplicative of prior discovery, and burdensome. Moreover, the Plaintiff also argues that these topics call for legal conclusions. And, as to Topic 27, the Plaintiff argues that the topic is irrelevant and disproportional to the needs of the case. The Defendants challenge these contentions.

First, as to Topics 6 and 7, the Court finds that they are overly broad as written. Under Federal Rule of Civil Procedure 30(b)(6), the Defendant must state with "reasonable particularity" the matters that will be explored during the deposition. By simply referring generally to the Plaintiff's RICO statement and its Third Amended Complaint without any distinction as to specific allegations, the Defendant has not provided reasonably particularized notice such that the Plaintiff can meet its obligation to prepare its representative. *See TV Interactive Data Corp. v. Sony Corp.*, No. C10-475, 2012 WL 1413368, at *1 (N.D. Cal. April 23, 2012) ("The Court agrees that Topic Number 52 is too vague since it seeks the production of a corporate witness regarding *all* facts and contentions for *each* of Funai's affirmative defenses and counterclaims."). The Court grants the motion as to Topics 6 and 7.

However, during oral argument, the Defendants indicated that, while most other topics covered the information they sought, that no other topic covered the factual bases for allegations related to alleged bribery in relation to Ray Nagin or Orleans Parish. Finding that this information is relevant and appropriate for deposition, the Court grants leave to the Defendants to amend its proposed Rule 30(b)(6) deposition topics for the limited purpose of including a topic related to the alleged bribery in relation to Ray Nagin or Orleans Parish similar to the Topic 34.[1] Upon questioning by the Court, counsel for the defendant agreed to pay for travel costs of the 30(b)(6) witness who testified previously about the Orleans Parish Topics.

---

[1] Topic 34 reads: "The factual basis for the claim that the Defendants bribed a Jefferson Parish official, what the alleged bribe was, and which official Plaintiff contends was bribed, and when." R. Doc. 267-3, p. 4.

Because the Court finds the Topics to be overly broad, the Court need not determine if the 30(b)(6) deposition is the most appropriate discovery vehicle to explore the factual bases of complaints at this time. However, should the Court find the request is not overly broad, there is no reason to refuse to allow the Defendants to conduct discovery in the manner they see fit provided that the discovery falls within the scope of Rule 26(b). *See Malibu Consulting Corp. v. Funair Corp.*, 2007 WL 3995913, at *1 (W.D. Tex. Nov. 14, 2007) ("Rule 26(d) allows those methods of discovery to be used in any sequence. Although there is authority to the contrary, I agree with the line of cases which holds that a Rule 30(b)(6) deposition which seeks information concerning the factual support for allegations found in the complaint, which would be discoverable through contention interrogatories. . .is permissible."); *United States E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 435 (D. Nev. 2006) ("The court denies the defendant's request to require the use of contention interrogatories in lieu of a Rule 30(b)(6) deposition on the areas of examination in dispute here….The affirmative defenses are obviously legal in nature, but the facts which support them are not."); *Security Ins. Co. of Hartford v. Trustmark Ins., Co.*, 218 F.R.D. 29, 34 (D. Conn. 2003) ("It is of no consequence that contention interrogatories may be the more appropriate route to obtain the information as nothing precludes a deposition either in lieu of or in conjunction with such interrogatories.").

Finally, in regards to Topic 27, the Plaintiff argues that it "takes no position on whether Defendants *caused* the Two Rivers permit to be denied nor is it a fact Waste Management will seek to prove." R. Doc. 267-1, p. 9. Rather, the Plaintiff claims that it will only seek to prove that the Defendants "engaged in a RICO conspiracy that had as its *object* to disadvantage other actual or potential competitor landfills (including Two Rivers)." *Id.* In response, the Defendants appears to argue that the Plaintiff is essentially protesting too much and that it should allow the inquiry into this area or agree to forgo mentioning Two Rivers during trial.

During oral argument, the counsel for the Plaintiff represented that it had no individual within Waste Management with personal knowledge concerning the Two Rivers Landfill. Counsel further conceded that the evidence the Plaintiff does have is circumstantial in nature from reading the plea of Henry Mouton and also direct evidence obtained from the Defendants. The Defendants stated that they were satisfied with this representation. Finding the disagreement between the parties as to this topic to be moot, the Court denies the motion as moot as to Topic 27.

IV. **Conclusion**

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion for Protective Order Concerning Certain Proposed Rule 30(b)(6) Deposition Topics (R. Doc. 267)** is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that the motion is **GRANTED** as to Topics 6 and 7.

**IT IS FURTHER ORDERED** that the Defendants may amend its proposed Rule 30(b)(6) deposition topics for the limited purpose of including a topic related to the alleged bribery in relation to Ray Nagin or Orleans Parish.

**IT IS FURTHER ORDERED** that the motion is **DENIED AS MOOT** as to Topic 27.

New Orleans, Louisiana, this 30th day of June 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**