UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WASTE MANAGEMENT OF LOUISIANA, LLC | CIVIL ACTION |
| VERSUS | NO: 11-2405 |
| RIVER BIRCH, INC. ET AL | SECTION: "N" (4) |

### ORDER

Before the Court is a **Motion to Quash Subpoena to Attorney Peter J. Butler, Sr. or Alternatively for a Protective Order (R. Doc. 283)** filed by Defendants River Birch LLC, Highway 90, LLC, Frederick Heebe, and Albert Ward, Jr. seeking an order quashing the subpoena issued by the Plaintiff to Peter Butler, Sr. The motion is opposed. R. Doc. 296. The motion was submitted on July 19, 2017 and heard with argument that same day.

### I.   Background

This action was filed in the District Court on September 23, 2011. R. Doc. 1. Waste Management of Louisiana, LLC ("Plaintiff") alleges that the Defendants have engaged in a long-running conspiracy to limit and exclude competition for landfill disposal services in and around New Orleans, Louisiana. R. Doc. 140, p. 1. The Defendants in this action are: River Birch, Inc., the owner and operator of River Birch landfill; Highway 90 LLC, who owns Highway 90 landfill; Frederick Heebe, the owner of Shadow Lake Management, Co., which is the parent corporation of River Birch, Inc.; and Albert Ward, who is the father-in-law of Heebe, and former President of River Birch, Inc. and Manager of Highway 90 LLC (collectively "Defendants"). In particular, the Plaintiff states that it suffered direct injury as a result of the Defendants actions in at least two instances: the premature closure of the Chef Menteur landfill in 2006 as part of a scheme to transfer more Hurricane Katrina clean-up debris to River Birch's landfill; and the efforts to prematurely oust the Plaintiff as operator of the Jefferson Parish landfill as part of a scheme to transfer the

Parish's municipal solid waste to River Birch landfill under an exclusive 25-year contract. *Id.* at p. 2. As such, the Plaintiff has alleged two counts of violations under Federal Racketeer Influenced and Corrupt Organizations ("RICO") Sections 1962(c) and Section 1962(d). *Id.* at p. 39-42.

At this time, the Defendants have filed a motion to quash or alternatively for a protective order in relation to the subpoena issued by the Plaintiff to Peter Butler, Sr. ("Butler"). Butler provided legal counsel to the Defendants for more than thirty years. R. Doc. 283, p. 1. As such, the Defendants state that the subpoena seeks privileged information. R. Doc. 283-1, p. 3-4. Moreover, to the extent that the Plaintiff seek non-privileged information, the Defendants argue that the information is cumulative or duplicative of prior discovery. *Id.* at p. 4. Finally, the Defendants argue that Waste Management should pursue the discovery of any non-privileged information from their attorney from some means other than a deposition, citing by analogy the factors used in determining whether to depose in-house counsel. *Id.* at p. 5.

In reply, the Plaintiff argue that any privileged communication between Butler or the Defendants in connection with the alleged scheme to target rival landfills would fall under the "crime-fraud" exception. R. Doc. 296, p. 5. The Plaintiff also challenges that the information would not be duplicative and that the citation to the *Shelton* factors concerning the deposition of in-house counsel are inapposite.

**II.**    **Standard of Review**

Federal Rule of Civil Procedure 45(d)(3) governs the quashing or modifying of subpoenas. The Court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The Court may also

modify or quash a subpoena that requires the disclosure of a trade secret or an unretained expert's opinion that does not describe specific occurrences in dispute and results from that expert's study that was not requested by a party. Fed. R. Civ. P. 45(d)(3)(B).

Subpoenas under Rule 45 may be served upon both party and non-parties. *Petit v. Heebe*, No. 15-3084, 2016 WL 1089351, at *2 (E.D. La. Mar. 21, 2016). However, in order to challenge the subpoena, the movant must: be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it. *See, Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *see also Johnson v. Mixon*, No. 13-2629, 2014 WL 1764750, at *4 (E.D. La. May, 2, 2014).

"Both Rules 45 and 26 authorize the court to modify a subpoena *duces tecum* when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45." *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016) (Wilkinson, C.M.J.). Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity

to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1).

**III.   Analysis**

At this time, the Defendants have filed a motion to quash or alternatively for a protective order in relation to the subpoena issued by the Plaintiff to their attorney Butler. R. Doc. 283. The Defendants argue that the subpoena seeks potentially privileged information as well as information that would be duplicative or cumulative of other discovery. The Defendants also argue that any non-privileged information should be sought from some other means citing the *Shelton* factors. In turn, the Plaintiffs argue that the information sought in the deposition of Butler is either not privileged or subject to the crime-fraud exception.

Under the attorney-client privilege, "[t]he party asserting privilege bears the burden to show: (1) a confidential communication; (2) to a lawyer or subordinate; (3) for the primary purpose of securing a legal opinion, legal services, or assistance in the legal proceeding" *Vicknair v. Louisiana Dept. of Pub. Safety & Corr.*, 555 F. App'x 325, 333 (5th Cir. 2014) (internal quotation and citation omitted). During oral argument, the Court determined that Deposition Topic Nos. 1, 3, 4, and 5 should not involve privileged information as those topics deal with communications between Butler and other third-parties. And, to this extent, the Court denies the motion to quash.

However, the Court finds that Topic No. 2, which seeks information related to "[a]ll communications between [Butler] and named Defendants, or any person or entity associated with or acting on behalf of the named Defendants," may involve discussion of privilege information. While the Court heard argument concerning the application of the crime-fraud exception to the attorney-client privilege, the Court determined that it required additional briefing on this matter, particularly given that Mouton's recently completed deposition may aid the Court's consideration.

4

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** Defendants' **Motion to Quash Subpoena to Attorney Peter J. Bulter, Sr., or Alternatively for a Protective Order (R. Doc. 283)** is **DENIED IN PART AND TAKEN UNDER SUBMISSION IN PART.**

**IT IS FURTHER ORDERED** that the Defendants' motion is **DENIED** as to Topic Nos. 1, 3, 4 and 5.

**IT IS FURTHER ORDERED** that the Defendants' motion is **TAKEN UNDER SUBMISSION** as to Topic No. 2.

**IT IS FURTHER ORDERED** that the Plaintiff may submit a further memorandum in opposition **no later than Friday July 21, 2017.**

**IT IS FURTHER ORDERED** that the Defendant may submit a further memorandum in support **no later than Monday January 24, 2017.**

New Orleans, Louisiana, this <u>19th</u> day of July 2017.

**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**