UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WASTE MANAGEMENT OF LOUISIANA, LLC | CIVIL ACTION |
| VERSUS | NO. 11-2405 |
| RIVER BIRCH, INC.,<br>HIGHWAY 90, LLC,<br>FREDERICK R. HEEBE and<br>ALBERT WARD, JR. | SECTION "N" (4) |

**ORDER AND REASONS**

Presently before the Court is Defendants' "Motion for Partial Summary Judgment on Alleged Bribery and Causation With Respect to Chef Menteur Claims" (Rec. Doc. 319). For the reasons stated herein, **IT IS ORDERED** that the motion is **GRANTED**.

**I.  Summary Judgment Standard**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out

1

that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for

summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The nonmovant's burden is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## II. RICO

The Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§1962(c) and (d), provides a private cause of action to "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter." 18 U.S.C. § 1964(c). Section 1962, which contains RICO's criminal provisions, makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate . . . commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." *See* 18 U.S.C. §1962(c). Conspiring to violate §1962(c) also is unlawful. *Id.* at §1962(d).

An "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity. 18 U.S.C. §1961(5). "'[R]acketeering activity' means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in

3

a controlled substance or listed chemical . . . which is chargeable under State law and punishable by imprisonment for more than one year. . . ." 18 U.S.C. §1961(1). "A 'pattern of racketeering activity' requires at least two acts of racketeering activity . . . ." 18 U.S.C. §1961(5).

In *Holmes v. Securities Investor Protection Corporation*, 503 U.S. 258 (1992), the Supreme Court set forth the standard of causation applicable to civil RICO claims. *See Hemi Group, LLC v. City of New York, N.Y.*, 559 U.S. 1 (2010) (citing *Holmes*, 503 U.S. at 268-74). Specifically, to state a civil claim under RICO, the plaintiff is required to show that a RICO predicate offense "not only was a 'but for' cause of his injury, but was the proximate cause as well." *Hemi Group*, 559 U.S. at 8-9 (citing *Holmes*, 503 U.S. at 268). Proximate cause, which is evaluated in light of its common-law foundations, requires "some direct relation between the injury asserted and the injurious conduct alleged." *Id*. at 9 (internal citations omitted). "A link that is 'too remote,' 'purely contingent,' or 'indirect' is insufficient. *Id.* (citing *Holmes*, 503 U.S. at 271, 274).

## III.    Analysis

Addressing Plaintiff's RICO claims concerning the Chef Menteur landfill, the Court previously determined that the allegations of Plaintiff's Second Amended Complaint regarding Defendants' alleged bribery of former New Orleans Mayor C. Ray Nagin were sufficiently pled for purposes of Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Rec. Doc. 131 at 3-4. Because Plaintiff did not include Nagin's alleged 2006 bribery in its original or amended complaints until 2014, however, the Court directed Plaintiff to amend its complaint to include the factual bases for its assertion that equitable principles rendered those claims timely despite the application of a four-year statute of limitations. *Id.* at 6. Thereafter, addressing Plaintiff's Third Amended Complaint (Rec. Doc. 140), the Court concluded: "Although Defendants ultimately may be able to

4

make the evidentiary showing necessary to prevail by summary judgment, the Court is unable to conclude at this juncture of the proceedings, based solely on the pleadings and without the benefit of discovery, that dismissal of the entirety of Plaintiff's RICO claims is warranted." *See* Rec. Doc. 156 at 2.

Following the parties' completion of discovery, including the May 11, 2017 deposition of former New Orleans mayor, C. Ray Nagin, Defendants filed the motion for partial summary judgment now before the Court. In support of their motion, Defendants contend that Plaintiffs have failed to put forth competent evidence that Defendants' May 2006 contributions to Nagin's re-election campaign constituted bribery, under Louisiana law, or that "any such alleged bribery caused an injury" to Plaintiff. *See* Rec. Doc. 319-1 at 1.

Having carefully considered the parties' voluminous evidentiary submissions (Rec. Docs. 319, 319-1, 335, and 362), the remainder of the record in this matter, and applicable law, **IT IS ORDERED** that Defendants' instant motion for partial summary judgment is **GRANTED** relative to the "causation" element of Plaintiff's Chef Menteur RICO claim. In short, the Court finds that Plaintiff has failed to put forth sufficient Rule 56 evidence to support a reasonable inference that Defendants' May 2006 campaign contributions were the "but for" and "proximate" cause for former Mayor Nagin's decision to allow the six-month effective period of Executive Order CRN 06-03 to expire, in accordance with the express terms of the order, in August 2006.[1] Rather, the circumstantial evidence on which Plaintiff relies in opposing Defendants' motion is far too speculative and conclusory to permit a reasonable trier of fact to find the requisite causal connection.

---

[1] *See* Executive Order CRN 06-03 (Rec. Doc. 335-15): "Section 4: The provision of this Executive Order shall be effective for a period of six months unless earlier rescinded by [former Mayor Nagin] or by other operation of law."

Accordingly, because Plaintiff has not satisfied its burden, under Rule 56(c) and (e), of citing to particular record documents demonstrating the existence of a genuine dispute as to material fact(s), Defendants are entitled to dismissal with prejudice of Plaintiff's RICO claim premised upon the August 2006 closure of the Chef Menteur landfill.

New Orleans, Louisiana, this 3rd day of November 2017.

                                      **KURT D. ENGELHARDT**
                                      **United States District Judge**

**Clerk to Copy:**

Chief Magistrate Judge Karen Wells Roby