UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WASTE MANAGEMENT OF LOUISIANA, LLC | CIVIL ACTION |
| VERSUS | NO. 11-2405 |
| RIVER BIRCH, INC., HIGHWAY 90, LLC, FREDERICK R. HEEBE and ALBERT WARD, JR. | SECTION "N" (4) |

## ORDER AND REASONS

Presently before the Court is Plaintiff's motion for partial summary judgment (Rec. Doc. 321) against Defendant River Birch, Inc. For the reasons stated herein, **IT IS ORDERED** that the motion is **DENIED**.

## I.      Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows  that there is no genuine dispute as to any material fact and the movant  is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248  (1986).  A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out

1

that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for

summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The nonmovant's burden is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## II.   RICO

The Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§1962(c) and (d), provides a private cause of action to "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter." 18 U.S.C. § 1964(c). Section 1962, which contains RICO's criminal provisions, makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate . . . commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." *See* 18 U.S.C. §1962(c). Conspiring to violate §1962(c) also is unlawful. *Id.* at §1962(d).

An "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity. 18 U.S.C. §1961(5). "'[R]acketeering activity' means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in

a controlled substance or listed chemical . . . which is chargeable under State law and punishable by imprisonment for more than one year. . . ." 18 U.S.C. §1961(1). "A 'pattern of racketeering activity' requires at least two acts of racketeering activity . . . ." 18 U.S.C. §1961(5).

In *Holmes v. Securities Investor Protection Corporation*, 503 U.S. 258 (1992), the Supreme Court set forth the standard of causation applicable to civil RICO claims. *See Hemi Group, LLC v. City of New York, N.Y.*, 559 U.S. 1 (2010) (citing *Holmes*, 503 U.S. at 268-74). Specifically, to state a civil claim under RICO, the plaintiff is required to show that a RICO predicate offense "not only was a 'but for' cause of his injury, but was the proximate cause as well." *Hemi Group*, 559 U.S. at 8-9 (citing *Holmes*, 503 U.S. at 268). Proximate cause, which is evaluated in light of its common-law foundations, requires "some direct relation between the injury asserted and the injurious conduct alleged." *Id*. at 9 (internal citations omitted). "A link that is 'too remote,' 'purely contingent,' or 'indirect' is insufficient. *Id.* (citing *Holmes*, 503 U.S. at 271, 274).

## III.  Analysis

With its motion, Plaintiff asks the Court to render partial summary judgment in its favor relative to certain elements of its RICO claims, *i.e.*, that Defendant River Birch, Inc.: (1) formed an enterprise;  (2) engaged in a pattern of illegal conduct targeting other landfill competitors that could serve the New Orleans area; and (3) conspired to engage in that pattern of illegal conduct. Having carefully considered the parties' voluminous evidentiary submissions, the remainder of the record in this matter, and applicable law, the Court, on the instant showing made, does not find Plaintiff to be entitled to the summary relief sought with its motion.  Accordingly, **IT IS**

**ORDERED** that Plaintiff's motion for partial summary judgment is **DENIED**. In short, given the nature of the claims alleged and the elements in dispute, the Court finds the competing evidence such that it should be presented to the trier of fact for evaluation.

New Orleans, Louisiana, this 16th day of November 2017.

_____

**KURT D. ENGELHARDT**
**United States District Judge**

**Clerk to Copy:**

Chief Magistrate Judge Karen Wells Roby