UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WASTE MANAGEMENT OF LOUISIANA, LLC | CIVIL ACTION |
| VERSUS | NO. 11-2405 |
| RIVER BIRCH, INC.,<br>HIGHWAY 90, LLC,<br>FREDERICK R. HEEBE and<br>ALBERT WARD, JR. | SECTION "N" (4) |

## ORDER AND REASONS

Presently before the Court are the remaining portion of Defendants' motion for partial summary judgment (Rec. Doc. 315) and Defendants' related motion to strike exhibits (Rec. Doc. 341).[1] The Court rules on the motions as stated herein.

**I.  Summary Judgment Standard**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is material if it

---

[1] On November 7, 2007, the Court granted the portion of the motion relative to Plaintiff's request for an award of damages suffered as a result of Defendants' alleged efforts to divert waste streams (including sewage, industrial, and Hurricane Katrina waste) away from the Jefferson Parish landfill. The remainder of the motion, directed to Plaintiff's damage claims arising from the legal fees and expenses it incurred in prior litigation with Jefferson Parish, remained under advisement until now. *See* Rec. Docs. 315 and 375.

1

"might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The nonmovant's burden, however, is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

With respect to summary judgment procedure, Rule 56(c) additionally provides:

**Rule 56. Summary Judgment**

\* \* \*

**(c) Procedures.**

   **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

   (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;
   or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

**(2)** *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

**(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

**(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

*See* Fed. R. Civ. P. 56.[2]

## II. RICO

The Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1964(c), provides a private cause of action to "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter." 18 U.S.C. § 1964(c). Section 1962, which contains RICO's criminal provisions, makes it "unlawful for any person employed by or associated

---

[2] Rule 56 was amended in 2010 "to improve the procedures for presenting and deciding summary judgment motions[.] *See* Fed. R. Civ. P. 56 advisory committee's note to 2010 Amendment. With respect to Rule 56(c)(2), the Advisory Committee Notes for the 2010 Amendment explain:

> Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. There is no need to make a separate motion to strike. If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial.

*Id.*

with any enterprise engaged in, or the activities of which affect, interstate . . . commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. §1962(c). Conspiring to violate §1962(c) also is unlawful. *Id.* at §1962(d).

An "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity. 18 U.S.C. §1961(5). "'[R]acketeering activity' means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . . which is chargeable under State law and punishable by imprisonment for more than one year. . . ." 18 U.S.C. §1961(1). "A 'pattern of racketeering activity' requires at least two acts of racketeering activity . . . ." 18 U.S.C. §1961(5).

In *Holmes v. Securities Investor Protection Corporation*, 503 U.S. 258 (1992), the Supreme Court set forth the standard of causation applicable to civil RICO claims. *See Hemi Group, LLC v. City of New York, N.Y.*, 559 U.S. 1 (2010) (citing *Holmes*, 503 U.S. at 268-74). Specifically, to state a civil claim under RICO, the plaintiff is required to show that a RICO predicate offense "not only was a 'but for' cause of his injury, but was the proximate cause as well." *Hemi Group*, 559 U.S. at 8-9 (citing *Holmes*, 503 U.S. at 268). Proximate cause, which is evaluated in light of its common-law foundations, requires "some direct relation between the injury asserted and the injurious conduct alleged." *Id*. at 9 (internal citations omitted). "A link that is 'too remote,' 'purely contingent,' or 'indirect' is insufficient. *Id.* (citing *Holmes*, 503 U.S. at 271, 274).

**III.    Analysis**

   A. Motion to Strike

With their motion, Defendants ask the Court to strike Exhibits 7, 11, 12, 13, 14, 17, 18 and 40 to Plaintiff's memorandum in opposition (Rec. Doc. 334) to Defendants' motion for partial summary judgment (Rec. Doc. 315). Having considered the parties' submissions, the remainder of the record in this matter, and applicable law:

(1) The Court defers any ruling on the admissibility of Plaintiff's Exhibit 7, which purports to be an April 27, 2004 memorandum authored by Dutch Connick, because the Court has not considered that evidence in ruling on Defendants' motion for partial summary judgment. Plaintiff is cautioned, however, that it will be required to overcome Defendants' several evidentiary objections to the document's admissibility if it seeks to offer the document into evidence at trial.

(2) **IT IS ORDERED** that the motion is **GRANTED** relative to the two December 2004 newspaper articles that are Plaintiff's Exhibits 11 and 12. Although Plaintiff cites the residual hearsay exception set forth in Federal Rule of Evidence 807 in support of its position, it is far from evident that the articles (one authored by James Gill and one authored by Drew Broach) are "more probative . . . than any other evidence that the proponent can obtain through reasonable means." *See* Fed. R. Evid. 807(a)(3).

(3) **IT IS ORDERED** that the motion is **DENIED** as **MOOT** insofar as it objects to Exhibits 13 and 14, which are Ronald Gagnet's original and supplemental reports, being offered to support Plaintiff's now-dismissed waste diversion claim.

(4) **IT IS ORDERED** that the motion is **DENIED** as to Exhibits 17 and 18, which are the affidavits of Marnie Winter and Rick Buller, to the extent that the motion seeks to exclude

the affidavits, as well as the deposition testimony incorporated into them, in their entirety. The Court defers any ruling on the admissibility of Ms. Winter's and Mr. Buller's statements regarding their suspicions as this time, however, because the Court has not considered that evidence in ruling on Defendants' motion for partial summary judgment.

(5) **IT IS ORDERED** that the motion is **GRANTED** relative to Exhibit 40, which is the deposition testimony of Waste Management's 30(b)(6) representative, Gerard Sonnier. As argued by Defendants, an adequate factual foundation for Mr. Sonnier's opinion testimony has not been provided.

B. Motion for Partial Summary Judgment

The remaining aspects of Defendants' motion for partial summary judgment seek a pre-trial determination that Plaintiff has failed to put forth sufficient evidence demonstrating that (1) any Jefferson Parish public official with authority to terminate Plaintiff's contract with Jefferson Parish was bribed; or (2) that the attorneys's fees incurred by Plaintiff, which are the basis of Plaintiff's remaining RICO claims, were made necessary by any conduct of Defendants. Having carefully considered the parties' voluminous evidentiary submissions, the remainder of the record in this matter, and applicable law, the Court, on the instant showing made, is not adequately convinced that Defendants are entitled to the summary relief sought with their motion. Accordingly, **IT IS ORDERED** that the motion for partial summary judgment is **DENIED**.

In short, given the nature of the claims alleged and the elements in dispute, the Court finds the competing evidence, albeit circumstantial, to be such that it should be presented to the trier of fact for evaluation. This ruling, however, is of course without prejudice to Defendants' right to

7

request judgment in its favor as a matter of law, pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, if warranted at the end of trial.

New Orleans, Louisiana, this 20th day of November 2017.

**KURT D. ENGELHARDT**
**United States District Judge**

**Clerk to Copy:**

Chief Magistrate Judge Karen Wells Roby