UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WASTE MANAGEMENT OF LOUISIANA, LLC | * * * | CIVIL ACTION |
| | | NO. 2:11-cv-02405-CJB-KWR |
| VERSUS | * * | |
| | | JUDGE CARL J. BARBIER |
| RIVER BIRCH, INC., HIGHWAY 90, LLC, FREDERICK R. HEEBE and ALBERT J. WARD, JR. | * * * * | MAGISTRATE KAREN WELLS ROBY |
| * * * * * * * | | |

**JOINT REPORT ON STATUS OF MOTION PRACTICE AND PROPOSED TIME LIMITS FOR TRIAL**

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Waste Management of Louisiana, LLC, and defendants, River Birch, LLC f/k/a River Birch, Inc., Highway 90, LLC, Frederick R. Heebe, and Albert J. Ward, Jr. (collectively "Defendants"), who submit this Joint Report on Status of Motion Practice and Proposed Time Limits for Trial pursuant to the Court's October 23, 2019 Minute Entry (Doc. No. 462).

I. **Plaintiff's Statement of Status of Plaintiff's Motion Practice and Proposed Time Limits for Trial**

Plaintiff will re-urge the previously filed motions listed below, modified as appropriate to account for the Fifth Circuit's rulings, the settlement of the Jefferson Parish claims, and changes in the law.

| Rec. | Motion |
|---|---|
| 321 | Motion for Partial Summary Judgment on Certain RICO Issues |
| 345 | Motion to Strike Duplicative Expert Testimony |
| 346 | Motion to Preclude Causation Opinions |
| 347 | Appeal of Magistrate's Ruling regarding Crime Fraud |

Plaintiff will also ask the Court to revisit all decisions on motions *in limine* made in November 2017, described at Rec. 430, including:

| Rec. | Motion |
|---|---|
| 377 | Plaintiff's Motion in Limine to Preclude Advice of Counsel and "Normal Business Practice" Arguments |
| 378 | Defendants' Motion in Limine on the Chef Menteur Landfill |
| 379 | Plaintiff's Motion in Limine to Exclude Evidence Related to Waste Management's Campaign Contributions |
| 380 | Plaintiff's Motion in Limine to Exclude Improper Character Evidence |
| 381 | Defendants' Motion in Limine to Exclude Criminal Investigation Issues |

Plaintiff does not anticipate filing new motions at this time and reserves the right to oppose any motion for leave by Defendants to file any "new" motion that could have previously been filed. Plaintiff anticipates potentially filing additional motions *in limine* on or before October 23, 2020, regarding any new issues that may arise based on witnesses or exhibits listed or Court rulings in the case.

Plaintiff believes that the time for trial should be divided equally between the litigants, and that each side should receive fifty (50) hours. This is a complex matter that will involve many witnesses and extensive documentary evidence, and forcing Plaintiff to present its case-in-chief *and* cross-examine all of the defense witnesses in less than 50 hours would be prejudicial to Plaintiff. While the parties previously estimated that the trial would last approximately two weeks, *see* Rec. Doc. 462 (noting that trial "is <u>expected</u> to last 2 weeks") (emphasis added), such estimates are common in this District and are not typically binding on the parties or the Court. Nevertheless, Defendants now ask the Court to impose rigid time limits on the parties binding them to that prior estimate. Defendants' proposal would immediately inject error into these proceedings and should be rejected. If the Court is inclined to impose specific time limits for trial, Plaintiff respectfully requests that it receive 50 hours.

**II.     Defendants' Statement of Status of Defendants' Motion Practice and Proposed Time Limits for Trial**

Defendants will re-urge the previously-filed motions listed below, which were not previously ruled upon. Defendants anticipate filing substantially similar motions to those they previously filed on these topics, though they anticipate adjusting the motions to take into account (1) the impact of the Fifth Circuit's ruling and changes in the case that occurred after the filing of the motion—including the elimination of the Jefferson Parish claims, and (2) any changes in law or authority that occurred after the filing of the motion:

| | |
|---|---|
| 317 | Motion for Summary Judgment on Chef Menteur claim due to Mayor's Lack of Authority to Suspend Zoning Ordinances. |
| 325 | Motion in Limine to Exclude Expert Testimony of Gagnet under *Daubert* |

Defendants anticipate seeking leave to file motions regarding the following matters:

| |
|---|
| Motion for Summary Judgment as to No Regulated Asbestos Containing Material ("RACM") Damages or, alternatively, Motion in Limine as to RACM Damages |
| Motion for Summary Judgment as to Lack of Bribery and Causation as to Henry Mouton |
| Motion in Limine to Exclude Alleged Bribery of Bobby Jindal, Charles Melancon, and Royal Alexander |

Defendants anticipate potentially filing additional motions *in limine* on or before October 23, 2020, regarding any new issues that may arise based on witnesses or exhibits listed or Court rulings in the case.

Finally, Defendants submit that the time at trial be divided equally between the Plaintiff and the Defendants. Because the trial is anticipated to last two weeks, Defendants submit that the Plaintiff receive 35 hours and the Defendants receive 35 hours. Defendants object to the expansion of the trial setting beyond two weeks and do not believe that the Plaintiff's proposal of 50 hours per side may be accomplished in two weeks. In the event, however, that the Court extends the trial

3

beyond the two weeks currently scheduled, the Defendants still submit that the time be divided equally between the Plaintiff and the Defendant parties,

By filing this Joint Statement, neither party shall be deemed to consent to the filing or validity of any motion listed by the other party, and each party reserves all rights with regard to all matters listed. Defendants object to the Plaintiff re-urging any motion that was already decided, which includes Doc. Nos. 321 and 379, as well as 381, in part.  Doc. Nos 321 and 379 were denied previously at Doc. Nos. 404 and 430.  Doc. No. 381 was granted, in part, at Doc. No. 430.

Respectfully submitted,

 /s/ Robert A. Kutcher
**ROBERT A. KUTCHER** (#7895)
**NICOLE S. TYGIER** (#19814)
***KUTCHER TYGIER & LUMINAIS, LLP***
Two Lakeway Center, Suite 900
3850 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 830-3838
rkutcher@nolacounsel.com
ntygier@nolacounsel.com

***Attorneys for Defendant, Albert J. Ward, Jr.***

 /s/ Thomas M. Flanagan
Thomas M. Flanagan (#19569)
Sean P. Brady (#30410)
Camille E. Gauthier (#34558)
**FLANAGAN PARTNERS LLP**
201 St. Charles Avenue, Suite 2405
New Orleans, Louisiana  70170
Telephone: (504) 569-00235
tflanagan@flanaganpartners.com

***Attorneys for Defendants, River Birch, LLC f/k/a River Birch, Inc. and Highway 90, LLC***

 /s/ William P. Gibbens
Kyle Schonekas (#11817)
William P. Gibbens (#27225)

4

        Joelle F. Evans (#23730)
**SCHONEKAS, EVANS,
McGOEY & McEACHIN, L.L.C.**
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone: (504) 680-6050
billy@semmlaw.com

*Attorneys for Defendant, Frederick R. Heebe*


/s/ *Dan Starck*
James G. Kress (pro hac vice)
Dan Starck (pro hac vice)
**Baker Botts L.L.P.**
1299 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 639-7847
Fax: (202) 508-9327

Patrick A. Talley, Jr. (#1616)
Jeremy T. Grabill (#34924)
**Phelps Dunbar LLP**
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
Tel: (504) 584-9220
Fax: (504) 568-9130
talleyp@phelps.com
jeremy.grabill@phelps.com

*Attorneys for Plaintiff,
Waste Management of Louisiana, L.L.C.*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 22nd day of November, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to persons electronically noticed.

        /s/ *Robert A. Kutcher*